THOMAS MELIA, PLAINTIFF, v. MALICKE BUS COMPANY, A CORPORATION, AND LOUIS GRASO, DEFENDANTS.

Submitted January 25, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff, *Robert H. Doherty.*

For the defendants, *Alexander M. MacLeod* and *George L. Record.*

PER CURIAM.

As we read the evidence in this case, a rule to show cause should have been refused by the trial court. The facts are very simple and are established in large measure by the evidence of the defendants' servant who was operating the bus that injured the plaintiff.

Plaintiff was crossing Exchange Place, Jersey City, from south to north on a crosswalk and had almost reached the northerly curb line. As he was crossing, the defendants' bus under the management and control of defendants' driver named Graso was standing at the northerly curb of Exchange Place about where it joins Montgomery street and facing

west. As the plaintiff approached the curb, his route carried him to the rear of this bus, which backed down upon him and injured him.

The defendant claims there is no proof as to how the accident happened; but we think there was ample proof, and that a large portion of it came from the lips of Graso himself. As to the law, it is only necessary to quote the language of the Traffic act (*Pamph. L.* 1915, *p.* 288, § 3), reading as follows:

"Before backing, ample warning shall be given, and while backing, unceasing vigilance shall be exercised not to injure those behind."

The driver testified that although he blew his horn perhaps once before moving, nevertheless, he failed to look back on his left side as he was backing, and the testimony of the plaintiff was that no signal of any kind was given. In view of the drastic language of this statute, the defendants' negligence seems clear.

It is claimed that the plaintiff was guilty of contributory negligence. We think this claim altogether unsubstantial. A pedestrian crossing such a street has about all he can do to see vehicles moving forward on his left and other vehicles moving forward on his right without paying special attention to a standing bus pointed away from him, and with respect to which he was entitled to assume that in case it was backed up the mandatory provisions of this statute would be reasonably obeyed.

The rule to show cause will be discharged.