ELIZABETH DEWAR AND GEORGE DEWAR, PLAINTIFFS-RESPONDENTS, v. ALFRED J. RUEHLE, DEFENDANT-APPELLANT.

Argued May 4, 1948—Decided June 21, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiffs-respondents, *John M. Mackenzie* and *Francis A. Gordon.*

For the defendant-appellant, *Harry Green* and *Samuel Green.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Defendant appeals from a judgment against him in the Union County Court of Common Pleas. Plaintiffs are husband and wife and sued for separate recoveries in an action arising out of an automobile collision. The first cause of action is by the wife for personal injuries. The second, third and fourth causes of action are by the husband for, respectively, loss of consortium and disbursements in and about the wife's recovery, his own personal injuries, and damage to the automobile. The judge charged, without exception, that "if the plaintiff husband gets anything, it should be one lump sum of money which would compensate him for all his loss, if you find it was the defendant's negligence which caused it. If the wife is entitled to anything, she gets one lump sum of money for her damages." The jury verdict was:

"We find Mr. Ruehle guilty of negligence.

| | |
|---|---:|
| We grant Mr. Dewar . . . . . . . . . . . . . . . | $4,000.00 |
| We grant Mrs. Dewar . . . . . . . . . . . . . . . . | 1,000.00 |
| Value of damaged car . . . . . . . . . . . . | 300.00 |
| | $5,300.00" |

The court molded the verdict to provide:

"The jury finds in favor of the plaintiff George Dewar and against the defendant, Alfred J. Ruehle, the sum of $4,300 damages and in favor of the plaintiff Elizabeth Dewar and against the defendant, Alfred J. Ruehle, the sum of $1,000 damages," and entered judgment for the husband in

the amount of $4,300 and for the wife in the amount of $1,000.

Defendant sets up as his only point on the appeal that the verdicts are contrary to law, contends that there should have been itemized amounts on each separate claim and rests largely upon the theory that a satisfaction of the judgments would not be a bar against a further prosecution of the claim by the husband. He cites *Fryer* v. *Mount Holly Water Co.*, 87 *N. J. L.* 57; *Ross* v. *Pennsylvania Railroad Co.*, 5 *N. J. Mis. R.* 811; *Smith* v. *Phoenix Indemnity Co.*, 119 *N. J. L.* 522, and *Wilson* v. *Deschner*, 11 *N. J. Mis. R.* 609, in support.

The cited cases are all distinguishable; chiefly because they have to do with the award of a common verdict when the action involved separate interests, as in a suit by husband and wife, or by a father in his own behalf and on behalf of a minor child. That is not our situation. The verdicts for the wife and husband are separate; so are the judgments. The irregularity, if there be such, is that the verdict, although giving Mr. Dewar a separate amount on his fourth cause of action, made the further award to him of $4,000, without applying it to or dividing it among his several causes of action.

In *Melosh* v. *Public Service Railway Co.*, 4 *N. J. Mis. R.* 361, the complaint contained four counts. The first count sought to recover damages for personal injuries suffered by the plaintiff, the second count for damages because of the impaired value of the car, the third count for expenses incurred in repairing the car and the loss of the use of the car, the fourth count to recover the value of the insurance premium. The jury found the verdict for damages to the car $635, for doctors $50, for personal injuries $100, making a total of $785, "and so they say all." The court held that while the itemization of the damages was helpful in the solution of the question whether or not the verdict was arrived at through mistake, inadvertence or prejudice, there was and could only properly be a single verdict under the form of action brought. (*Cf. Sullivan* v. *Aetna Casualty and Surety Co.*, 14 *N. J. Mis. R.* 890; judment on nonsuit affirmed, 115 *N. J. L.* 253.)

The verdict is to be understood as an effort to conform to the judge's charge, and the molding was to make that effort effective. The jury specifically found the defendant guilty of negligence. A verdict will be liberally construed and all reasonable intendment will be indulged in its support. *Rossman* v. *Newbon*, 112 *N. J. L.* 261. We fail to understand how, with the record of the pleadings and the judgment as they now are, and as they are preserved at the instance of the plaintiffs, the defendant may lawfully be put to further suit on any claim which is a constituent part hereof.

We conclude that the judgment below should be affirmed.