IDA BAZINSKY, JOSEPH BAZINSKY AND MORRIS GOLD-
BERG, PLAINTIFFS-RESPONDENTS, v. NELSON CONK-
LIN, DEFENDANT-APPELLANT.

Argued September 24, 1951—Decided October 15, 1951.

*Mr. Abraham I. Harkavy* argued the cause for the appellant (*Messrs. Harkavy & Lieb,* attorneys).

*Mr. William R. Morris* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J.    This is a civil action sounding in tort, grounded in the alleged actionable negligence of the defendant, Nelson Conklin, in the operation of his automobile.   The suit was instituted against him by Ida Bazinsky, Joseph Bazinsky and Morris Goldberg, plaintiffs, in the Law Division of the Essex County Court and, after a trial to court and jury, terminated in a verdict in favor of the defendant.   The trial court, on motion for new trial, refused to disturb the verdict and judgment was entered thereon.   Upon plaintiffs' subsequent appeal to the Appellate Division of the Superior Court the judgment was reversed and a new trial ordered upon the ground that the verdict was "contrary to the evidence."   Thereupon the defendant addressed a petition for certification to this court which was granted.

■ There was sufficient evidence introduced by the defendant at the trial from which the jury were entitled to infer the non-existence of negligence. We have recently had occasion to declare that the appellate tribunal may not invade the constitutional office of the jury, and "may not merely weigh the evidence where it is fairly susceptible of divergent inferences and substitute its own judgment for that of the jury," although the judgment may be set aside if the verdict of the jury be so far contrary to the weight of the evidence as to give rise to the inescapable conclusion of mistake, passion, prejudice or partiality. *Hager v. Weber*, 7 *N. J.* 201, 210 (1951). This principle governed the review of facts on appeal under *Rule* 1:2–20 (a) at the time of the judgment rendered below. This was decided in the *Hager* case. The rule has since been amended to state this principle in the following language:

"1:2–20.  Review on Facts;  New Trial.

(a) on a review of any cause involving issues of fact not determined by the verdict of a jury, new or amended findings of fact may be made, but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.  On a review of any cause involving issues of fact determined by the verdict of a jury, the contention that the verdict was contrary to the weight of the evidence shall not be advanced or entertained unless application for new trial on that ground was first made to the trial court in accordance with the rules and denied.  A verdict of a jury shall be set aside as against the weight of the evidence if, having given due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion."  (Amended June 7, 1951.)

Evidence on the issue of negligence introduced at the trial was in material aspects conflicting as hereinafter indicated. The incident occurred at about 6:30 P. M., on December 24, 1947, on Stuyvesant Avenue in the City of Newark, in this State. The plaintiffs presented proofs to the effect that the vehicle occupied by them was parked close to the curb. They testified that the street on which their car was parked was 35 feet wide, enough width for four cars abreast, and that

the street was icy in spots; to this extent there appears to have been agreement on the part of the defendant. Plaintiffs further testified that there were no vehicles parked on the opposite side of the street but were contradicted by the defendant who contended that a car was parked on the opposite side. Plaintiffs did not see defendant's car strike the one they occupied. The most they testified to was that they saw it "careen away." Defendant's testimony was that at the place where the accident was said to have occurred he was driving slowly, about 15 miles per hour, and had been forced to his right by an unidentified car which came from the opposite direction, from the right hand side of the street (that is, defendant's right) on a turn into that avenue from an intersecting thoroughfare. Defendant testified that he was unaware that his car had struck another car but at the place where the accident was alleged to have occurred he felt a jar like running over a piece of ice. The plaintiffs' view, that there was a "terrific crash," was vehemently opposed by the defendant. There was divergent testimony as to the damage to plaintiffs' car; the range was from $25, the estimate of an automobile appraiser who was produced by the defendant, to $200, estimated by plaintiffs' witnesses. Defendant's version of the scope of damage was corroborated by a police officer. Plaintiffs testified to facts which related to the physical condition of the defendant but defendant, while admitting that he had a "couple of drinks" of beer, testified that he was unaffected thereby. In this respect he was corroborated by a police officer from whose testimony it might well be inferred that defendant was not under the influence of intoxicants.

The defendant's contention was that the collision was caused by the negligence of a third party, in no way contributed to by any negligence on his part. Where fair-minded men may honestly differ as to the conclusion to be drawn from disputed facts, or as to the disputed inferences to be drawn from undisputed facts, a case must be submitted to a jury, and such course was properly pursued here.

■ In reversing the judgment the Appellate Division of the Superior Court said: "Driving into a parked car bespeaks negligence. Defendant's failure to realize he had done so indicates gross inattention to the job." The unqualified statement of the Appellate Division opinion that "Driving into a standing car bespeaks negligence" fails to incorporate therewith the essential factor that the measure of duty upon the operator of the motor vehicle is to exercise reasonable care under the existing and surrounding circumstances. While the defendant's admission that he did not realize he had struck a parked car may be considered by the jury in appraising the conduct of the operator, that fact standing alone is not sufficient to make out a *prima facie* case of negligence.

■ We are unable to say that the verdict of the jury, under the circumstances of this case, was so far contrary to the weight of the evidence that it appears clearly and convincingly to have been the result of mistake, passion, prejudice or partiality. The evidence introduced was fairly susceptible of divergent inferences and the jury were entitled to draw their own conclusions thereon.

For the reasons above stated the judgment of the Appellate Division of the Superior Court is reversed and the judgment of the Essex County Court is reinstated and affirmed.

WACHENFELD, J., concurring in result.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For affirmance*—None.