JOHN RAPP, PLAINTIFF-RESPONDENT, v. PUBLIC SER-
VICE COORDINATED TRANSPORT, ETC., DEFENDANT-
APPELLANT.

Argued January 21, 1952—Decided February 11, 1952.

*Mr. Edward S. Kirby* argued the cause for the appellant (*Mr. Carl T. Freggens,* of counsel).

*Mr. Charles A. Rooney* argued the cause for the respondent (*Mr. Gustave A. Peduto,* of counsel).

The opinion of the court was delivered by

BURLING, J. This is a civil action sounding in tort, grounded in the alleged actionable negligence of the defendant, Public Service Coordinated Transport, a New Jersey corporation, in the maintenance of overhead wires charged with electricity as a source of power for transit equipment. The suit was instituted by the plaintiff, John Rapp, in the Law Division of the Hudson County Court and, after a trial to court and jury, terminated in a verdict and judgment in favor of the plaintiff. The defendant's motion for a new trial under *Rule* 3:59–1 was denied and the defendant appealed to the Superior Court, Appellate Division. The appeal so taken resulted in an affirmance by that court, with a dissent filed by one of the judges who heard the appeal. Under *N. J. Const.* 1947, *art. VI, sec. V, par.* 1(*b*), the defendant appealed to this court from the judgment of affirmance entered in the Superior Court, Appellate Division.

The cause of action arose in this wise. Plaintiff was the owner of a "tractor-trailer" truck, which was being operated by his employee on September 26, 1947, in a southerly direction, along Grove Street in Jersey City, New Jersey, at a locality where that public thoroughfare passes under a trestle of the Pennsylvania Railroad Company at Railroad

Avenue. As plaintiff's vehicle proceeded to attempt passage under the trestle, it came in contact with highly charged overhead electric wires owned and controlled under the railroad trestle by the defendant for the purpose of furnishing a power supply to electric transit equipment. This contact resulted in a fire which damaged the plaintiff's trailer and the cargo then being hauled therein. The essential features of these facts were stipulated in the pretrial order. The plaintiff instituted this action in the Hudson County Court, Law Division, by summons and complaint filed May 23, 1950, against the Public Service Coordinated Transport and the Public Service Electric and Gas Company, both of which were and are New Jersey corporations, to recover damages to the trailer and cargo resulting from the fire as above stipulated. The complaint contained allegations that the wires aforesaid had been negligently placed, or permitted to remain, under the railroad trestle by either or both the defendants through their agents or servants, and that the placing and permitting of said wires to remain in the position which they occupied on a public street and at a point where they were likely to come in contact with and do damage to vehicles lawfully proceeding along said street constituted a nuisance, and as a proximate result of the wrongful act and nuisance of the defendants, plaintiff's vehicle and cargo were damaged. The action was dismissed as to the Public Service Electric and Gas Company following stipulation filed July 25, 1950. The action thereafter proceeded against Public Service Coordinated Transport (herein referred to as the defendant). The defendant, by answer filed July 26, 1950, raised the defenses of contributory negligence and assumption of risk. In the pretrial order filed November 9, 1950, the issues framed were "that defendant was negligent and maintained a nuisance" and "contributory negligence or assumption of the risk" by plaintiff. At the trial, in the plaintiff's opening statement the gravamen of his suit was stated to be negligence on the part of the defendant "not to have any warning that these wires were lower than" a sign on the

trestle stating that clearance was 12 feet 3 inches (which clearance would have been a sufficient clearance for the trailer, the overall height of which, as loaded, was 12 feet 1 inch), and that one "who controls electricity or high tension wires is under a duty to exercise a high degree of care to those persons whom it might be reasonably anticipated might come in contact with the wires unless proper warning is given to those persons." The nuisance issue framed in the pretrial order became the subject of discussion between court and counsel at the inception of the trial, as a result of which it was stipulated that the wires were placed in position under statutory authority. At the close of the plaintiff's case, the defendant moved for dismissal of the negligence count on the ground of failure of proof, and for dismissal of the nuisance count on the ground that it had been stipulated that the wires were located under the trestle by virtue of statutory authority. The gist of plaintiff's argument in opposition to the motion was that there was sufficient proof of failure to warn the traveling public of the danger, *i. e.*, the presence of the highly charged wires and the available clearance beneath them. The trial court denied the motion as to both counts. At the close of the defendant's case, the defendant moved for judgment on the ground of failure of proof on both counts. This motion was resisted by plaintiff on the same grounds, as were the foundation of his opposition to defendant's motion for dismissal, *ante*. The trial court denied the motion on the ground that the evidence adduced during the trial created a factual situation for the determination of the jury. The trial court charged generally on the law of negligence and nuisance, and particularly as to control of a dangerous agency such as electricity, in the following language:

"The law requires that when one uses, controls or manages a highly destructive agency such as electric current, the one so using it owes a high degree of care to others. This means that its duty is not only to use approved mechanical appliances but it must also install and maintain the same in a manner that injury or damage will not result to persons who have no knowledge thereof, or to

"make certain that the public is warned of a dangerous condition, and must exercise that degree of care which an ordinary prudent person would exercise under similar circumstances."

Although opportunity was given to counsel for both parties, there was no objection made by counsel for either to any portion of the charge. The jury returned a verdict for the plaintiff in the sum of $2,500, upon which verdict a rule for judgment was filed March 8, 1951. The defendant promptly moved for a new trial on three grounds: that it was against the weight of the evidence, that it was excessive, and that it was the result of mistake, partiality, prejudice and passion. The motion was denied although the trial court molded the verdict to conform to the proofs, reducing the judgment to $2,269.86, and the defendant perfected an appeal to the Superior Court, Appellate Division. The majority of the Appellate Division considered it unnecessary to determine whether the defendant was guilty of maintaining a nuisance and proceeded to determine the appeal on the issue of negligence. The judgment of the Appellate Division was to affirm the judgment of the court below. There was a dissent filed by one of the judges of the Appellate Division and as a result the defendant brought this appeal before us under *N. J. Const.* 1947, *art. VI, sec. V, par.* 1(*b*) as hereinbefore mentioned.

The defendant-appellant states only two questions on this appeal, both being addressed solely to the issue of negligence. These questions are: (1) whether the Superior Court, Appellate Division, erred in affirming the trial court's denial of defendant's motion for judgment, which motion was grounded on the assertion that the plaintiff had failed to prove negligence on the part of the defendant; and (2) whether the verdict in favor of the plaintiff was so clearly against the weight of the evidence as to be the result of mistake, passion, prejudice or partiality in that the defendant's affirmative evidence overcame the plaintiff's proofs as to the absence of warning of danger present in the defendant's wires, and

in that the proofs demonstrated that the plaintiff was "guilty of contributory negligence and of the assumption of the risk as a matter of law."

It is well settled that on a motion for judgment the trial court cannot weigh the evidence but must accept as true all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Mellon v. Pennsylvania-Reading Seashore Lines,* 7 *N. J.* 415, 419–420 (1951).

It is equally well settled that the verdict of a jury is not to be set aside as against the weight of the evidence unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. *Bazinsky v. Conklin,* 8 *N. J.* 40, 42 (1951); *Leary v. Gledhill,* 8 *N. J.* 260, 271 (1951); *Rule* 1:2–20(*a*), as amended June 7, 1951.

The pertinent evidence appears in the testimony of the various witnesses called at the trial as follows: Turner, a municipal police officer, testified that prior to the occasion in question there was no sign, to his knowledge, warning the public of the clearance under the defendant's wires and it "only recently" came to his attention "that there is a sign there"; he couldn't say whether one was there at the time this incident took place. The driver of the truck, Simpson, testified that there was a sign on the bridge stating clearance to be 12 feet 3 inches; that he saw the wires underneath the bridge, prior to the accident, but saw no sign near the wires. Rapp, the plaintiff, who arrived at the scene shortly after the fire, testified that he saw the wires but saw no 12 feet clearance sign although he looked for one. The defendant's witness, Gough, testified that there was a "clearance 12 feet" sign "a couple of feet" over the wires on the side of the trestle, but that both wires and sign were removed in 1948. Defendant's witnesses McNary and Morton corroborated this testimony. This evidence presents conflict on the facts. The defendant asserts that it was the duty of the

trial court to either remove the case from consideration of the jury or set aside the verdict because the plaintiffs' evidence was "negative" and the defendants' evidence was affirmative. Since the plaintiffs' witnesses were attentive, on the lookout for clearance warnings and in position to have seen them had they existed, and in fact saw the trestle clearance sign, the mere fact that the defendant's witnesses testified affirmatively that the 12 feet clearance sign was present does not remove the question from the domain of the jury. *Mellon v. Pennsylvania-Reading Seashore Lines, supra,* at *p.* 421. Under the circumstances of this case, the jury were entitled to determine that the defendant failed to provide warning of the existing danger.

■■ The defendant further asserts that the plaintiff was contributorily negligent and assumed the risk as a matter of law. Where contributory negligence or assumption of the risk does not clearly and conclusively appear as a fact or by necessary exclusive inference from an undisputed fact, there is no warrant for removal of those questions from consideration by the jury. In addition to the testimony hereinbefore adverted to, the remaining pertinent testimony is found in Simpson's testimony that he saw the wires, followed by his testimony that he had been "under there before" with the same truck, and Rapp's testimony that there was "no way possible to get in under those wires next to the curb" and one would have to drive "to the extreme left" to avoid them. From all of which it does not appear clearly and conclusively as a fact or by necessary exclusive inference from an undisputed fact that the driver of the truck failed to exercise reasonable care under the existing circumstances, or that the driver knew or appreciated the danger, or that an ordinarily prudent person under the existing circumstances would not have incurred the risk of danger from contact with the wires which his conduct involved and thereby assumed the same.

For the reasons above stated, the judgment of the Superior Court, Appellate Division, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For reversal*—None.