22 N.J. Super. 64 (1952)
91 A.2d 617
CHARLES E. STEVENS, PLAINTIFF-APPELLANT,
v.
MARTIN ROETTGER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided October 16, 1952.
Before Judges JAYNE, PROCTOR and SCHETTINO.
*65 Mr. Michael A. Dwyer argued the cause for appellant (Messrs. Doughty & Dwyer, attorneys).
Mr. Julius E. Kramer argued the cause for respondent (Messrs. Chandless, Weller, Kramer & Frank, attorneys).
The opinion of the court was delivered by JAYNE, S.J.A.D.
The sky was overcast and the pavements of the sidewalks and streets were blanketed with a cover of watery snow at 1:15 on the afternoon of March 3, 1951, when the plaintiff endeavored to walk within the delineated boundaries of the cross-walk from the southerly to the northerly side of East Ridgewood Avenue in the Village of Ridgewood. Before departing from the curb he either did or did not consciously recognize that a passenger motor vehicle owned by the defendant George Roettger, and on this occasion being operated by his son Martin, also a defendant, was parked along the southerly curb of East Ridgewood Avenue facing east with its rear close to the easterly boundary line of the cross-walk.
Martin, having entered the vehicle a few moments previously, started the motor, made observations to detect the presence of any pedestrians behind his car, first by means of the mirror attached to the left side of the vehicle and then by looking through the windows on the right side. His view through the window in the back of the car was impeded by the accumulated ice upon the glass. He did not use the horn to give any audible signal. He operated the vehicle backward a distance of perhaps two or three feet where it collided with the plaintiff.
The mishap occasioned the present action in which the defendant George Roettger was discharged from liability by the court and Martin by the jury. An application by the plaintiff for a new trial was denied.
In prosecuting the present appeal the plaintiff asserts that he suffered manifest harm in consequence of the refusal of the trial judge to embody in his instructions to the jury *66 the second paragraph of the second request to charge submitted to the court by the attorney of the plaintiff during the summation of counsel. Vide, Rule 3:51-1; J.B. Wolfe, Inc. v. Salkind, 3 N.J. 312 (1949).
The paragraph of the request which the plaintiff sought to promote at the trial is a quotation of the comment made by the appellate court in the case of Melia v. Malicke Bus Co., 7 N.J. Misc. 859, 147 A. 467 (Sup. Ct. 1929), which reads:
"It is claimed that the plaintiff was guilty of contributory negligence. We think this claim altogether unsubstantial. A pedestrian crossing such a street has about all he can do to see vehicles moving forward on his left and other vehicles moving forward on his right without paying special attention to a standing bus pointed away from him, and with respect to which he was entitled to assume that in case it was backed up, the mandatory provisions of this statute would be reasonably obeyed."
It is elementary that a trial judge is not obliged to charge matters or comment with regard to the facts of the case, much less comments made by a court relative to the facts of some other case. In his charge to the jury in the present case the trial judge defined contributory negligence and its application in a manner which counsel for the plaintiff-appellant acknowledges in his brief "would have been sufficient" in the absence of the specific request.
Assuredly what the reasonably prudent individual would do or refrain from doing in our modern environment of hazards depends upon the existing circumstances of each particular case. It is not difficult to envision a distinct difference in the course of behavior of the reasonably cautious person in crossing a quiet street in the little village of Delldale and that employed in an endeavor to cross Broadway at 42nd Street in the City of New York. This comparative illustration displays the impropriety of transplanting as a standard comment the appraisal of the hazards and distractions of one case to another.
*67 It is significant to notice that the trial judge adopted the first paragraph of the request which informed the jury that in the stated case:
"It was held that a pedestrian crossing a street, hit by a bus backing down upon him was entitled to assume that it would not be backed without the driver thereof complying with the provisions of the statute applicable in such case, `before backing, ample warning should be given, and while backing increasing vigilance shall be exercised not to injure those behind.'"
Additionally the trial judge acquainted the jury with the statutory regulations of R.S. 39:4-126.
The harm of which the plaintiff complains is in reality the deprivation of an undeserved advantage.
It is also advocated that the verdict was contrary to the weight of the evidence. Occasionally, cases come to our attention in which upon consideration of the printed transcription of the testimony we might, had we been the triers of the facts, arrived at a conclusion divergent from or contrary to that announced by the jury, but in the exercise of our appellate function, we are to recognize that the controversial issues of negligence and contributory negligence are in our procedure pre-eminently questions for the determination of the jury.
Our Supreme Court has only recently reiterated that the verdict of a jury is not to be set aside as against the weight of the evidence unless it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. Rapp v. Public Service Coordinated Transport, 9 N.J. 11 (1952); Rule 1:2-20(a). It is not clearly and convincingly apparent that the verdict in the present case was the result of any of such causes.
The judgment is affirmed.