22 N.J. Super. 155 (1952)
91 A.2d 577
IRVING LAMPERT, DAVID LAMPERT, SAMUEL LAMPERT AND IRVING LAMPERT, ADMINISTRATOR C.T.A. OF THE ESTATE OF JOSEPH LAMPERT, DECEASED, PLAINTIFFS-APPELLANTS,
v.
LANISLAUS MIKOS AND ELIZABETH MIKOS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided October 21, 1952.
*157 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Lewis Winetsky argued the cause for appellants (Mr. Harry Mopsick, attorney).
Mr. Maurice C. Brigadier argued the cause for respondents (Mr. Seymour S. Lichtenstein, attorney).
The opinion of the court was delivered by JAYNE, S.J.A.D.
A mere sketch of the significant characteristics of this litigation will adequately supply the background of the points debated and serve to accelerate the announcement of our conclusions.
The plaintiffs and the defendants are the owners respectively of adjacent parcels of land situate on the southerly side of St. George Avenue, in Linden. The plaintiffs complained that the defendants were depriving them of the use of a designated portion of their land and sought a judgment against the defendants for the possession of the portion alleged by them to be unlawfully occupied by the defendants together with damages for the loss of mesne profits.
The defendants by their answer acknowledged their occupancy of the land and their refusal to surrender its possession and averred that they had acquired title thereto by adverse possession. They requested that their "rights and interests be adjudged and determined." The pretrial order embodies certain stipulations by counsel but fails to include any statement of the issue.
At the conclusion of the trial on March 7, 1952, the jury rendered a verdict of "no cause of action" in favor of the *158 defendants. On March 10, 1952, a judgment of no cause of action was entered by the clerk on the verdict of the jury pursuant to Rule 3:58. On March 11, 1952, application was made on behalf of the plaintiffs for a new trial which was denied by the trial judge on March 14, 1952. On March 15, 1952, the trial judge made an order directing that "judgment final be and the same is hereby entered in favor of defendants, Lanislaus Mikos, et al, against the plaintiffs, Irving Lampert, et al, for the possession of the lands and premises mentioned and described in the answer filed in the above-stated action * * *." By an order dated March 26, 1952, the former judgment entered on March 10, 1952, was vacated.
In the prosecution of this appeal the plaintiffs contend that the verdict rendered by the jury did not warrant the final judgment awarding to the defendants the possession of the land described in the answer and that the verdict itself was contrary to the weight of the evidence.
An explanation for the vacation of the initial judgment and for the substitution of the present one is discernible in the record before us. The defendants chose to describe in their answer a parcel of land which included the parcel designated in the plaintiff's complaint and to aver that the defendants had acquired the right to it by adverse possession with the accompanying request that their interest therein "be adjudged and determined."
Assuredly it would have been more perspicacious to have filed a counterclaim as now privileged. Rule 3:74-8. But where a party has mistakenly designated a defense as a counterclaim or conversely a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation. Rule 3:8-3.
Indeed, our modern practice is even more liberal for where issues which are not raised by the pleadings are tried by consent or without objection of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings may be made, *159 even after judgment, to cause them to conform to the evidence. However, the failure so to amend does not affect the result of the trial of those issues. Rule 3:15-2; cf. MacPherson v. Schwinn, 19 N.J. Super. 502, 508 (App. Div. 1952).
It is perfectly obvious that the sole controversial issue at the trial of the present case was the alleged establishment of adverse possession. The plaintiffs relied upon their unassailed record paper title. The defendants asserted adverse occupancy which constituted the only subject of controversy other than the affiliated claim of the plaintiffs for mesne profits.
An acquaintance with the evidence adduced at the trial and with the presentation of the case to the jury by the judge in his charge clearly indicates that the jury resolved against the plaintiffs because its members concluded that the evidence established the alleged adverse possession by the defendants. Parenthetically, it may here be stated that in the absence of the interposition of any objection thereto, the question of the propriety of the instructions of the trial judge to the jury relative to the requisite burden of proof to establish adverse possession does not invite from us any expression of opinion. Peter W. Kero, Inc. v. Terminal Construction Corp., 6 N.J. 361, 371 (1951).
Logically, the contention that the verdict was contrary to the weight of the evidence deserves primary consideration. Certainly, it does not clearly and convincingly appear that the verdict was the result of mistake, partiality, prejudice, or passion. Rule 1:2-20(a); Rapp v. Public Service Coordinated Transport, etc., 9 N.J. 11 (1952).
In view, however, of the matters next to be discussed it is significantly pertinent to state that there was evidence adequately to support the requisite elements of the adverse possession by the defendants of the land specifically described in the answer.
While the court must refrain from any encroachment upon the exclusive function of the jury by imputing to a *160 verdict a meaning which the jury doubtfully intended to impart, yet a verdict need not be framed in any precise legalistic form and may be molded in consonance with the plainly manifested intention of the jury and judgment may be entered accordingly. Turon v. J. & L. Construction Co., 8 N.J. 543, 552 (1952).
Counsel for the plaintiffs emphasizes the fact that in the present case there was no counterclaim upon which the defendants could obtain an affirmative judgment in their favor.
Speaking generally, it may be said that a verdict of no cause of action against a plaintiff would not impliedly embrace an affirmative finding for the defendant on a counterclaim. We perceive the present case to be in this regard somewhat anomalistic in that the sole issue in reality presented to the jury was the alleged adverse possession projected by the answer which at the trial assumed the purport of a counterclaim capable of also defeating the cause of action of the plaintiffs. It was that issue which was fully tried with the apparent acquiescence of the parties. The charge of the court normally sheds light on the probable intent of the verdict.
The charge to the jury is demonstrative throughout its instructive passages. Illustrative is the following excerpt:
"So you have two things to decide: First, the defendants must satisfy you by the greater weight of the believable testimony that they or Mr. Byron, their predecessor in title, had been in possession of this 35 by 175 strip for twenty years. If you are satisfied that they have been in possession for twenty years by the greater weight of the believable testimony, then your verdict would be no cause of action for the plaintiffs. That would be a finding for the defendants, and you would say, `For the defendants and against the plaintiffs,' if you find that the defendants succeeded in proving their adverse title. On the other hand, if they have not proven their adverse title by the greater weight of the evidence, then you will award the land to the Lamperts, and you will award to Mr. Irving Lampert as administrator, the mesne profits, that is, the reasonable value of return that the Lamperts have lost during such time as they have proven that the other people have been in possession of the property."
*161 A verdict is to be understood as an effort by the jury to respond and conform to the charge of the court. It will be construed with liberal consistency with the court's charge and all reasonable intendment will be indulged in its support. Dewar v. Ruehle, 137 N.J.L. 304 (Sup. Ct. 1948); Malinauskas v. Pub. Service Interstate Transp. Co., 6 N.J. 269, 277 (1951).
We express the conclusion that the final judgment is in consonance with the manifest intention of the jury and is not in the particular circumstances of this case inconsistent with the rendition of substantial justice.
The judgment is affirmed.