**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3361-15T2

ALAN LONGSTREET,

      Petitioner-Respondent,

   v.

COUNTY OF MERCER,

      Respondent-Appellant.

_____

      Argued May 9, 2017 — Decided June 20, 2017

      Before Judges Fisher, Leone and Moynihan.

      On appeal from the Division of Worker's
      Compensation, Department of Labor, Claim
      Petition No. 2015-7384.

      Lora V. Northen argued the cause for appellant
      (Capehart & Scatchard, P.A., attorneys; Ms.
      Northen, of counsel; John W. Pszwaro, on the
      briefs).

      Gary E. Adams argued the cause for respondent
      (Pellettieri, Rabstein and Altman, attorneys;
      Mr. Adams, on the brief).

PER CURIAM

    Respondent, County of Mercer, appeals from the workers'

compensation court's holding that petitioner, Alan Longstreet,

suffered a compensable work-related injury while plowing snow on Nursery Road in West Trenton on January 27, 2015. We find that the evidence does not support the court's conclusions regarding the circumstances of the accident, and reverse and remand the case for a new trial.

Petitioner was employed by the County of Mercer as an asphalt heavy equipment operator. He testified that at midnight on January 27 he switched from loading salt with a front-end loader to plowing snow in a road grader. Petitioner claims he was injured while operating the grader when he hit what he believed to be a manhole cover on Nursery Road at approximately 4:00 a.m. The force of the collision snapped both blades of the grader. After speaking with his supervisor, he brought the vehicle to the garage for repair. Petitioner filled out a repair request and a number of mechanics immediately repaired the blades. Although petitioner was told to put the machine back on the road after the repair was completed, he "no longer did anymore operation with that unit," because the snow removal process was completed. He drove his own vehicle to the location where he believed the accident occurred at 10:00 a.m. He ended his workday at 3:00 p.m.

In her initial decision, the judge found that petitioner's shift on January 26, 2015, started at 7:00 p.m. and was scheduled to end at 3:30 p.m. on January 27. The judge acknowledged that

2                                                      A-3361-15T2

"company records," introduced during the testimony of Al Rhodes on August 13, 2015, confirmed that petitioner was originally assigned to load salt utilizing front end loader #281; he was instructed at around midnight to begin snow plow operations in grader #57.

The judge found the County's "business records," introduced during Chris Markley's testimony, substantiated that petitioner brought a grader to the County's repair shop for the repair of broken blades. The repair order was initialed by petitioner, and identified the damaged vehicle as a 2003 New Holland grader. The number 57 appears at the top of the form.

Janel Bisacquino, a Geographical Information Systems Specialist II employed by the County, also testified and, from that testimony, the judge found that the County's global positioning system (GPS) records showed grader #57 was parked at the North Salt Dome at Mercer County Airport at around midnight.[1] At around 2:00 a.m. it was moved to[2] Interstate 95[3] where it

_____

[1] Bisacquino testified that at 12:24 a.m., the vehicle was at 104 Mercer County Airport.

[2] Bisacquino testified the GPS records indicated the vehicle was on "I95" at 1:59:55 a.m.

[3] In her amplified decision, the judge concluded, "The GPS tracking information report showed that Vehicle #57 moved . . . to the [County's] salt dome at around midnight . . . and then it did not

remained, stationary, until 6:38 a.m.  Records indicate it was on Nursery Road only on four separate occasions between 7:30 a.m. and 10:17 a.m.

The judge concluded that the New Holland grader was not the same vehicle as grader #57, and drew a negative inference from the County's failure to produce GPS data for the 2003 New Holland grader.  After commenting that the County did not "set forth a logical alternative factual proposition" to counter petitioner's version of events, the judge opined:

> Here, the only logical conclusion that can be drawn from the [County] proving that vehicle #57 didn't move before 6:38 a.m. and the Petitioner proving that he limped a New Holland Grader 2003 into the repair shop with broken blades is that the Petitioner did not drive the Grader that he was assigned to use prior to 6:38 a.m. The Court, therefore, finds that the Petitioner has produced sufficient credible evidence to show that he was involved in a work related accident while operating the New Holland Grader 2003 and as a result of that accident, the blades were damaged and needed to be repaired.

The judge filed an amplification of her decision pursuant to Rule 2:5-1(b).  She clarified that petitioner "used, at least, two vehicles over the course of his shift."  Reiterating her finding that grader #57 did not move until 6:38 a.m., she surmised:

---

move again until around 6:38 a.m. . . . ."  She did not mention the movement of the vehicle to Interstate 95, as she had in her initial decision.

4

The GPS tracking information did not exclude the possibility that the Petitioner could have begun using Vehicle #57 at around midnight, switched to the vehicle he brought into the repair shop, then, after he had his accident and brought the vehicle into the repair shop, switched back to vehicle #57.

We are mindful of our standard of review. We need determine "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (citation omitted); see also Sager v. O.A. Peterson Constr. Co., 182 N.J. 156, 164 (2004). Only if the factual findings and legal conclusions of the trial judge are "manifestly unsupported by or inconsistent with competent, relevant and reasonably credible evidence as to offend the interests of justice," will they be disturbed on appeal. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).

After careful scrutiny, we are compelled to find that there is no evidence to support the judge's finding that petitioner began plow operations in grader #57 around midnight, switched to another vehicle—a 2003 New Holland grader—that he brought to the shop for repair, and then switched back to grader #57. That conclusion does not account for petitioner's testimony he drove only three vehicles that night: the front-end loader he used to

5                                                    A-3361-15T2

load salt, the grader he used to plow snow, and his personal vehicle he used to visit the accident scene. It does not consider that he never claimed he operated two different graders, and that he testified he did not plow snow after the accident. It does not explain why the repair order for the 2003 New Holland grader has the number "57" on the top of the form. The judge's finding that petitioner drove two separate snow plowing vehicles cannot explain away the evidence from both parties that petitioner drove only one snow plowing vehicle that evening. Thus, the judge failed to resolve the discrepancy raised by the GPS evidence that showed grader #57 was not in operation, and was not on Nursery Road, at the time petitioner said the accident occurred. An inference by a judge must be a deduction of fact that is reasonably and logically drawn from another fact or group of facts established by the evidence. Rapp v. Pub. Serv. Coordinated Transp., Inc., 15 N.J. Super. 305, 317 (App. Div. 1951), aff'd, 9 N.J. 11 (1952). No evidence supports an inference that petitioner drove two snow plowing graders.[4]

We are satisfied the case must be reversed and remanded for a new trial. We recognize that it would be a difficult and

---

[4] This is not a case where the judge made credibility findings and based her conclusions thereon. We would certainly defer to those findings.

uncomfortable task for the judge to consider the evidence anew in light of, as made more apparent by her amplified decision, the judge's deep-rooted stance on the proofs. We, therefore, order the matter to be tried before a different judge. R. 1:12-1(d).

Since we find that the trial court's decision that petitioner drove more than one grader is without evidential support, we also find that the judge was mistaken in drawing a negative inference based on the County's failure to produce documents and GPS information for the 2003 New Holland grader. The County's evidence was that the 2003 New Holland grader and grader #57 were two names for the same vehicle, for which the County did produce GPS information. Absent evidence that they were different vehicles, and that petitioner drove more than one vehicle, it was an abuse of discretion to draw that negative inference.[5] See N.J. Div. of Child Prot. & Permanency v. K.G., 445 N.J. Super. 324, 342 (App. Div.) (stating that appellate courts "review a trial judge's evidentiary rulings for abuse of discretion"), certif. denied, 228 N.J. 38 (2016); Bldg. Materials Corp. of Am. v. Allstate Ins. Co.,

---

[5] Although the court, in her amplified decision, said that she "did not need to resort to any adverse inferences," she also said she could not "ignore" the County's failure to determine the location of the vehicle, the license plate and make and model of which were set forth on the repair order, on the night in question. This indicates that she did negatively consider the County's failure to take that step.

424 N.J. Super. 448, 474 (App. Div.)(applying an abuse of discretion standard for adverse inference rulings), certif. denied, 212 N.J. 198 (2012).

The County also claims the judge mistakenly considered Dr. Weiss's testimony regarding the causal relation between petitioner's injuries and the accident to be more persuasive than the contrary testimony given by Dr. Hu, because Dr. Hu was the treating physician. We need not consider that claim because we are reversing the compensation order on other grounds and remanding for a new trial before a different judge, who may consider bifurcating this issue and resolving, first, whether petitioner was involved in a compensable accident.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION