**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2488-18T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOSHUA DUFONT,

      Defendant-Appellant.

_____

        Submitted December 9, 2019 – Decided January 16, 2020

        Before Judges Messano and Susswein.

        On appeal from the State of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 17-2018.

        Scott A. Gorman, attorney for appellant.

        Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joshua Dufont appeals his conviction for careless driving, N.J.S.A. 39:4-97, following a trial de novo in the Law Division. The statute provides, "A person who drives a vehicle carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving." The mere occurrence of an accident alone is insufficient proof of careless driving. State v. Lutz, 309 N.J. Super. 317, 326–27 (App. Div. 1998); State v. Wenzel, 113 N.J. Super. 215, 216–17 (App. Div. 1971). We briefly summarize the testimony before the municipal court.

Metuchen Police Officer Kevin Ryan was dispatched to an accident scene in response to a citizen's complaint. He arrived and saw "debris in the roadway[,]" along with a "tractor trailer that was towing a flatbed that had on it a . . . personal lift . . . a cherry picker." The truck was stopped about twenty feet past a railroad bridge that crossed over the road. Officer Ryan saw the cherry picker was "[h]eavily damaged[,]" and the "eastbound most beam of [the bridge] . . . was bent approximately six inches inward in the same direction that the truck was facing." Officer Ryan acknowledged that the bridge's physical presence was "marked . . . with a light" for drivers approaching it from the same direction as had the truck.

Officer Ryan asked the driver of the truck, defendant, what happened. Defendant "stated . . . he was driving along . . . and he struck the bridge with the cherry picker on the back. He wasn't sure how he did it, stating that he believed he had enough clearance, however . . . he admitted he[] struck it." Officer Ryan acknowledged that had defendant "correctly verified the height of his load, . . . he would not" have struck the bridge. The officer said the speed limit on the road at that point was thirty-five miles per hour, it was sunny and there was nothing obstructing defendant's view of the railroad bridge. As a result of the accident, the road had to be closed to fix the bridge.[1]

Defendant did not testify. The municipal court judge found defendant guilty and imposed a $56 fine and $33 in court costs.

In his written opinion following trial in the Law Division, Judge Robert J. Jones, Jr. deferred to the credibility determinations of the municipal court judge and independently found Officer Ryan was credible. See State v. Kuropchak, 221 N.J. 368, 382 (2015) ("The Law Division reviews the municipal court's decision de novo, but defers to credibility findings of the municipal court.")

---

[1] The municipal prosecutor asked if the rail line also had to be closed as a result of the accident. The judge overruled an objection, but the prosecutor rested before the officer answered the inquiry.

A-2488-18T4

(citing State v. Johnson, 42 N.J. 146, 157 (1964)).  The judge noted defendant's reliance upon Lutz and Wentzel, and accepted the holdings of those cases stood for the proposition that "the State must demonstrate more than simply the existence of an accident."  However, he concluded the State had introduced sufficient evidence "from which to find carelessness."

Recognizing the evidence was circumstantial, Judge Jones found that defendant approached the "marked bridge that had a flashing light."[2]  He found it was "significant" that the "cherry picker struck the bridge . . . with such force that it created a six-inch dent in a solid-steel beam."  The judge also noted the extent of debris that was strewn across the roadway as a result.  Judge Jones determined that "[r]ather than slow down and make sure he went under the bridge cautiously, [defendant] raced through the bridge tunnel."  The judge concluded, "[s]omeone acting with circumspection would have slowed down . . . .  [I]t was incumbent upon [defendant] to be sure and to take precautions before entering the bridge tunnel."

Distinguishing Lutz and Wentzel, where "the courts speculated about how the accidents happened and found carelessness based upon the accident's

---

[2] Officer Ryan made no reference to a "flashing" light in his testimony, although he testified the bridge was marked by a lighted sign for drivers approaching the overpass.

occurrence alone[,]" the judge found "[h]ere, we know the mechanics of the accident, and . . . have circumstantial evidence that shows lack of due caution and circumspection." Judge Jones found defendant guilty and imposed the same fine and costs.

Before us, defendant argues the following:

POINT I

THE LOWER COURT ERRED WHEN IT FOUND THAT THE DEFENDANT FAIL[ED] TO DRIVE WITHOUT DUE CAUTION AND CIRCUMSPECTION, BECAUSE THE EVIDENCE IN THE RECORD DOES NOT SUPPORT A FINDING THAT [DEFENDANT] DISREGARDED ACCURATE MARKINGS ADVISING OF THE VERTICAL CLEARANCE OF THE TRESTLE THAT WAS INVOLVED IN THE ACCIDENT.

We affirm.

"[A]ppellate review of a municipal appeal to the Law Division is limited to 'the action of the Law Division and not that of the municipal court.'" State v. Palma, 219 N.J. 584, 591–92 (2014) (quoting State v. Joas, 34 N.J. 179, 184 (1961); State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001)). In conducting our review, "[w]e defer to the judge's fact finding, and our 'review is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record."'" State v. L.S., 444 N.J.

Super. 241, 247–48 (App. Div. 2016) (quoting Kuropchak, 221 N.J. at 382–83).

"We owe no deference, however, to the 'trial court's interpretation of the law . . . and the consequences that flow from established facts[,]' which we review de novo." Id. at 248 (alteration in original) (quoting State v. Hubbard, 222 N.J. 249, 263 (2015)).

In this case, it is even more appropriate that we defer to Judge Jones's factual findings. As in State v. Locurto,

> the rule of deference is more compelling where . . . two lower courts have entered concurrent judgments on purely factual issues. Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error.
>
> [157 N.J. 463, 474 (1999) (citing Midler v. Heinowitz, 10 N.J. 123, 128–29 (1952).]

The factual findings that defendant drove under the railroad trestle at a high rate of speed, not cautiously, and failed to carefully evaluate the height of the load he was carrying are fully supported by the circumstantial evidence of the scene as described by Officer Ryan. In turn, those factual findings support, beyond a reasonable doubt, the judge's legal conclusion that defendant operated his truck "without due caution and circumspection[.]" N.J.S.A. 39:4-97.

6

Defendant cites a negligence case, J.L. Querner Truck Lines, Inc. v. Safeway Truck Lines, Inc., for the proposition that a truck driver need not "necessarily be able to gauge whether his vehicle could clear a trestle, unmarked as to clearance, where the trestle was one foot lower than his 12' 3" high trailer." 35 N.J. 564, 568–69 (1961) (citing Rapp v. Pub. Serv. Coordinated Transp., 9 N.J. 11 (1952)). In J.L. Querner, however, the Court only held that the driver was not, as a matter of law, contributorily negligent, so as to remove consideration of the issue from the jury. Id. at 568; accord Rapp, 9 N.J. at 18.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2488-18T4