**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2055-22

STEVEN ANELLO and
ANELLO FENCE, LLC,

     Plaintiffs-Appellants,

v.

MARK J. INGBER, ESQ.,
INGBER & GELBER, LLP,
n/k/a INGBER LAW FIRM,
MICHAEL H. ANSELL, ESQ.,
ANSELL GRIMM & AARON,
P.C., and MICHAEL EINHORN,
ESQ.,

     Defendants-Respondents.

_____

Argued November 27, 2023 – Decided April 8, 2024

Before Judges Gilson and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3672-19.

Howard Nirenberg argued the cause for appellants (Noel E. Schablik, PA, attorneys; Noel E. Schablik, on the brief).

Jeffrey Scott Leonard argued the cause for respondents Mark J. Ingber, Esq., and Ingber & Gelber, LLP (Lewis Brisbois Bisgaard & Smith, LLP, attorneys; Jeffrey Scott Leonard, on the brief).

PER CURIAM

Plaintiffs Steven Anello and Anello Fence, LLC appeal from the dismissal of their complaint with prejudice pursuant to Rule 4:23-5(a)(2). We reverse and remand for the trial court to determine whether sanction and appropriate conditions for reinstatement of the complaint should be imposed due to the absence of any evidence that plaintiffs were advised of their attorney's lapse or that the court made sufficient efforts to obtain plaintiffs' compliance with the Rule.

I.

On May 16, 2019, plaintiffs filed a legal malpractice claim against defendants Mark J. Ingber, Ingber & Gelber, LLP n/k/a Ingber Law Firm (Ingber defendants); Michael H. Ansell, Esq., Ansell Grimm & Aaron, P.C. (Ansell defendants); and Michael Einhorn, Esq.

On August 6, 2019, the Ingber defendants propounded a notice to produce documents and interrogatories on plaintiffs.

In November 2019, plaintiffs retained new counsel, filed a substitution of counsel, and moved to file an amended complaint. The trial court denied

A-2055-22

plaintiffs' motion in January 2020, because a courtesy copy was not served. Plaintiffs immediately refiled the motion, which was ultimately granted by the court on February 24, 2020, ordering the amended complaint be filed within fourteen days. Plaintiffs, however, did not file their amended complaint until May 21, 2020.

On September 9, 2020, plaintiffs provided answers to the interrogatories propounded by the Ansell defendants, but their answers to the Ingber defendants' interrogatories were still outstanding. Discovery initially concluded on October 18, 2020. The next day, plaintiffs moved to extend discovery, returnable in November 2020. The Ingber defendants filed opposition to plaintiffs' motion, asserting plaintiffs failed to timely move to extend discovery and failed to satisfy the good cause requirement of Rule 4:24-1(c).

Shortly thereafter, the Ingber defendants moved for summary judgment returnable on December 4, 2020, contending plaintiffs failed to serve expert reports. Two days before the return date of the summary judgment motion, plaintiffs requested a two-week extension to obtain an expert report. The court granted plaintiffs' request despite opposition from the Ingber defendants.

In January 2021, at the oral argument on plaintiff's motion to extend discovery, plaintiffs' counsel represented that the outstanding discovery to both

the Ingber and Ansell defendants would be produced by the end of the month. Following oral argument, the court granted plaintiffs' motion to extend discovery "given the restrictions imposed by COVID-19." The Ingber defendants subsequently withdrew their summary judgment motion. A different trial judge then extended fact discovery through August 31, 2021.

As of February 2021, the Ingber defendants had not received plaintiffs' discovery responses. In response to a request from the Ingber defendants counsel regarding the status of the discovery responses, plaintiffs' counsel stated he was meeting with his clients that afternoon, February 11, 2011.

Plaintiffs' discovery responses were not produced as of early March 2021. Counsel for Ingber defendants made another inquiry regarding the status and informed plaintiffs' counsel that if the discovery responses were not received by the end of the week, a motion to dismiss without prejudice would be filed. When the discovery responses were not served by the end of March, the Ingber defendants moved for dismissal without prejudice. Plaintiffs' counsel did not respond to the motion, and the court entered the order of dismissal without prejudice on April 18, 2021.

Sixty days later, on June 18, 2021, the Ingber defendants moved to dismiss the amended complaint with prejudice pursuant to Rule 4:23-5(a)(2), returnable

4

on July 9, 2021. The Ansell defendants filed a letter the same day joining the Ingber defendants' motion. In a letter to the court two days before the return date, plaintiffs' counsel told the court that he served "fully responsive" interrogatory answers that day and requested the court deny the Ingber defendants' motion. In reply to plaintiffs' opposition, the Ingber defendants argued plaintiffs' opposition was untimely under Rule 1:6-3(a) and plaintiff did not move to restore the amended complaint pursuant to Rule 4:23-5.

Between June and October 2021, plaintiff did not move to reinstate the amended complaint. The trial court heard oral argument on the Ingber and Ansell defendants' motion to dismiss on October 19, 2021. At the outset, the court cited Rule 4:23-5(a)(2), explaining that a motion to dismiss with prejudice shall be granted unless a motion to vacate has been filed by the delinquent party and either the discovery responses were provided, or exceptional circumstances are shown to prevent dismissal. The court found plaintiffs did not file a motion to vacate the dismissal prior to the return date. The court also found that there was no certification that plaintiffs had been served with the order of dismissal without prejudice as required by Rule 4:23-5(a)(1); nor was there proof that plaintiffs had been served with an additional notification in the form prescribed by Appendix IIB concerning the pending motion to dismiss or suppress with

5

prejudice. Nevertheless, the court ultimately granted the Ingber defendants' motion to dismiss the amended complaint with prejudice and entered a memorializing order.

Following the dismissal of their amended complaint, on November 26, 2021, plaintiffs filed a legal malpractice suit against defendant Noel E. Schablik, and his law firm. The same day plaintiffs also filed a notice of appeal.

## II.

On appeal, plaintiffs argue the trial court abused its discretion in dismissing plaintiffs' amended complaint with prejudice and failed to follow the procedural requirements of Rule 4:23-5.

"[T]he standard of review for dismissal of a complaint with prejudice for discovery misconduct is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless injustice has been done." Abtrax Pharm. Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995); see also Allegro v. Afton Village Corp., 9 N.J. 15, 161 (1952). An abuse of discretion occurs when the trial court's "decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012)

(quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

Compliance with a two-step process is required for dismissal of a complaint under Rule 4:23-5. First, the non-delinquent party may move for dismissal without prejudice for noncompliance with discovery obligations. R. 4:23-5(a)(1). If the motion is granted, specific procedures for serving the order of dismissal must be followed. Ibid. Upon providing full and responsive discovery, the delinquent party may move to vacate the dismissal without prejudice "at any time before the entry of an order of dismissal . . . with prejudice." Ibid.

Second, if a delinquent party fails to cure its discovery delinquency, then "the party entitled to the discovery may, after the expiration of 60 days from the date of the order, move on notice for an order of dismissal . . . with prejudice." R. 4:23-5(a)(2). The motion to dismiss with prejudice "shall be granted unless" the delinquent party satisfies two requirements: (1) "a motion to vacate the previously entered order of dismissal . . . without prejudice has been filed by the delinquent party" and (2) "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid. Rule 4:23-5(a) advances two objectives: (1) to compel discovery, thereby promoting

resolution of disputes on the merits, and (2) to afford the aggrieved party the right to seek final resolution through dismissal.  St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008).

Plaintiffs failed to satisfy one of those two requirements under the Rule to avert dismissal.  Plaintiffs did not file a motion to vacate the previously entered order of dismissal without prejudice.  From the record, we accept that there was a bona fide dispute concerning the sufficiency of plaintiff's interrogatory answers.

Nevertheless, we discern from the record that plaintiffs were unaware of their attorney's multiple missteps.  Had the record shown plaintiffs were apprised of the pending dismissal motions, we would have no hesitation in affirming the order of dismissal with prejudice.  However, plaintiffs' counsel patently failed to comply with the obligation to inform plaintiffs of both the Ingber and Ansell defendants' efforts to dismiss their lawsuit; and the trial court's effort to obtain the attorney's compliance was insufficient.

We are, therefore, constrained to reverse the order dismissing the complaint with prejudice, because plaintiffs' counsel neglected to notify them that their lawsuit was on the verge of dismissal.  Plaintiff's counsel was obliged to serve the original order of dismissal without prejudice on plaintiffs.  R. 4:23-

5(a)(1).  There is nothing in the record demonstrating that the required notice was served.  Moreover, plaintiffs' counsel was obliged to file and serve an affidavit with the court, seven days before the return date of the motion to dismiss with prejudice, stating that plaintiffs received the first order, and was notified that a second motion was then pending to dismiss their cause with prejudice.  No such affidavit is in the record.

Under the Rule, the trial court was required to "take some action to obtain compliance with the requirements of the rule before entering an order of dismissal . . . ."  A&M Farm & Garden Ctr. v. Am. Sprinkler Mech., LLC, 423 N.J. Super. 528, 539 (App. Div. 2012); R. 4:23-5(a)(3).  The court noted plaintiffs' counsel failed to file the required affidavit.  We discern from the record that plaintiffs' counsel did not provide the court with the basis for it to make an informed decision as to whether plaintiffs' rights had been adequately protected.  A&M Farm & Garden Ctr., 423 N.J. at 539.  Dismissal with prejudice is the "last and least favorable option" available to a judge.  Il Grande v. DiBenedetto, 366 N.J. Super. 597, 624 (App. Div. 2004).  Therefore, the trial court is obliged to pay "meticulous attention . . . to those provisions which are intended to afford a measure of protection to the party who is faced with the

ultimate litigation disaster of termination of his cause." Zimmerman v. United Serv. Auto. Ass'n, 260 N.J. Super. 368, 376-77 (App. Div. 1992).

We remand for the court to consider anew the Ingber defendants' motion to dismiss the complaint with prejudice, while allowing defendants to supplement their motion papers as they deem appropriate, and allowing plaintiffs to file any additional supplemental papers they deem appropriate. The court shall establish a reasonable schedule for the filing of any supplemental papers and for oral argument on the motion. If, on remand, plaintiffs' counsel fails to serve the original order of dismissal without prejudice on plaintiffs, see R. 4:23-5(a)(1), or "fails to file and serve the affidavit required by [Rule 4:23-5(a)(3)], or fails to appear on the return date of the motion to dismiss," the court shall comply with the requirements of Rule 4:23-5(a)(3) in its disposition of the Ingber defendants' motion.

On remand, plaintiffs' counsel's past missteps, as well as any missteps that occur following remand, "may be adequately addressed by the imposition of other appropriate sanctions, such as attorney's fees and costs, if deemed appropriate by the trial court." A&M Farm & Garden Ctr., 423 N.J. Super. at 539. The trial court shall determine, in its discretion, "whether sanctions or other conditions for reinstatement of the complaint should be imposed[,]"

A-2055-22

including service of complete and responsive answers to defendants' discovery demands.  Id. at 540.

Lastly, plaintiffs' counsel shall serve plaintiffs with a complete copy of our decision by regular and certified mail within seven days of its issuance, and shall file with the trial court, and serve on all defense counsel, a certification of such service.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11