STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ANTHONY JOAS, JR., DEFENDANT-APPELLANT.

Argued December 6, 1960—Decided February 6, 1961.

*Mr. Ralph J. Pocaro* argued the cause for defendant-appellant.

*Mr. Myles J. Gilsenan,* special assistant counsel, argued the cause for plaintiff-respondent *(Mr. H. Douglas Stine,* Union County Prosecutor, attorney).

The opinion of the court was delivered by

HANEMAN, J.   Defendant appeals from a conviction by the Union County Court of having violated *N. J. S. A.* 39 :4–82 (failure to keep to the right) upon an appeal from a conviction by the Municipal Court of Berkeley Heights of having violated *N. J. S. A.* 39 :4–97 (careless driving). This court certified the appeal upon its own motion before argument in the Appellate Division.

On January 17, 1960 defendant, while operating a motor vehicle in the Township of Berkeley Heights, was stopped and given a summons and complaint in the form of a uniform traffic tricket; Local Criminal Court Form No. 12 (deleted September 30, 1960). A cross was marked in ink on the face of the ticket by the arresting officer after the printed words "careless driving" and the words "crossing white line" inserted in a blank space reserved for a more specific designation of the offense.

After hearing, defendant was convicted in the municipal court of violating *N. J. S. A.* 39:4–97, which provides:

"A person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving."

Defendant thereupon appealed to the County Court.

Prior to the commencement of the trial *de novo* in the County Court the prosecutor and the deputy attorney general moved for an amendment of the original complaint, to charge the defendant with a violation of *N. J. S. A.* 39:4–82. The amendment was allowed and defendant was tried and convicted of violating *N. J. S. A.* 39:4–82, which reads:

"Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive it on the right half of the roadway. He shall drive a vehicle as closely as possible to the right-hand edge or curb of the roadway, unless it is impracticable to travel on that side of the roadway, and except when overtaking and passing another vehicle subject to the provisions of sections 39:4–84 and 39:4–85 of this Title. As amended L. 1951, c. 23, p. 81, § 43."

Defendant argues that the judgment of conviction should be reversed since *N. J. S. A.* 39:4–97 does not contain a sufficient standard of conduct and hence violates both *Amendment* XIV, *Section* 1 of the *U. S. Constitution* and *Article* 1, *Section* 1 of the *N. J. Constitution*. Alternatively, he argues that in the event *N. J. S. A.* 39:4–97 is declared

to be constitutional, the said conviction of violating *N. J. S. A.* 39:4–82 should be reversed and the matter remanded for a trial by the County Court on the original complaint of having violated *N. J. S. A.* 39:4–97 for the reasons that (1) the County Court erred on the trial *de novo* in considering the synopsis of testimony contained in the return of the magistrate who heard the case on the original charge, and (2) the conviction on the amended complaint placed him twice in jeopardy for the same offense.

## I.

As noted above, prior to the hearing before the County Court the complaint was amended so that the charge of having violated *N. J. S. A.* 39:4–97 (careless driving) was eliminated and the charge of having violated *N. J. S. A.* 39:4–82 (failure to keep to the right) was substituted therefor. It is admitted that both charges arose out of the same factual setting.

*R. R.* 3:10–10(b) furnishes the authority for the substitution of the new charge. It provides:

"(b) The appeal shall operate as a waiver of all defects in the record, including any defect in, or the absence of any process or charge laid in the complaint, and as a consent that the court may, during or before the hearing of the appeal, amend the complaint by making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances, of which the tribunal from whose judgment or sentence the appeal is taken had jurisdiction."

In *State v. Henry,* 56 *N. J. Super.* 1 (*App. Div.* 1959), the court said, at *pp.* 13, 14:

"The attention of the County Court in this case having been called to its amending power under *R. R.* 3:10–10(b), it had the right, and indeed the duty, under all the circumstances here present, to correct by amendment any defect in the complaint called to its attention. The power of that court to amend extends, as we have

observed, to 'making the charge more specific, definite or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances   *   *   *.'   This last clause, beginning with the word 'including,' clearly authorizes the amendment of a complaint so as to charge an act not charged in the complaint as originally drawn.   The only limiting requirement is that the newly charged offense must have grown out of—*i. e.*, be related to—the offense originally charged.   This limitation is obviously designed to prevent the charging of a new offense, completely unrelated to the acts which were originally alleged as constituting a violation."

and, at *page* 17 of 56 *N. J. Super.*:

"The rules concerning municipal court proceedings in *quasi*-criminal matters, with power in that court to amend (*R. R.* 8:12–3), and the rule (*R. R.* 3:10–10(b)) specifically providing for waiver of defects and the liberal right to amend at the trial *de novo* in the County Court, are designed to minimize the possible impairment of the processes of law enforcement which would result in cases where complaints are drawn by policemen and cases sometimes tried by lay municipal judges.   The trial *de novo* is primarily a protection for the defendant, *State v. Menke*, above, 25 *N. J.* [66], at *page* 70;   the right to freely amend the complaint in the County Court is the other side of the coin.   A defendant is not prejudiced thereby because the proceeding is a completely new one, and he has full opportunity to present whatever defenses he may have to the amended complaint."

It has been frequently held in this State that when a defendant appeals from a judgment of a County Court on an appeal from a municipal court, the appellate court will consider only the action of the County Court and not that of the municipal court. *State v. Henry, supra; State v. Hulsizer*, 42 *N. J. Super.* 348 (*App. Div.* 1956); *State v. Baumgartner*, 21 *N. J. Super.* 348 (*App. Div.* 1952).

It is apparent, therefore, that the constitutionality of the careless driving statute is not involved. In view of its importance, however, and of the fact that the question raised by the defendant is one of novel impression in this State, we conceive it of sufficient public importance to pass upon defendant's argument.

Defendant argues that the words of the statute are so indefinite of characterization and evanescent of description that they do not sufficiently inform an accused of the standard of conduct proscribed.

Decisions in states other than New Jersey are not especially helpful in reaching a solution of the problem with which we are confronted, for the reason that the exact language of the enactments is not identical with that of our statute. Nor is there any uniformity as to the language employed by those states. Cases sustaining the validity and determining the invalidity of such similar legislation elsewhere may be found in *State of West Virginia v. Hamilton*, 133 *W. Va.* 394, 56 *S. E.* 2d 544, 12 *A. L. R.* 2d 580 (*Sup. Ct. App.* 1950); 61 *C. J. S., Motor Vehicles*, § 609, *p.* 699 (1949); 5A *Am. Jur., Automobiles and Highway Traffic*, § 1179, *p.* 984 (1956).

At the outset it must be recognized that a penal statute must specify the elements of the offense which it proscribes with such a reasonable degree of certainty as to apprise those to whom it is addressed of the standard of conduct proscribed, so that men of common intelligence need not necessarily guess at its meaning or differ as to its application. *State v. Frankel*, 42 *N. J. Super.* 7 (*App. Div.* 1956); *State v. New York Central Railroad Co.*, 37 *N. J. Super.* 42 (*App. Div.* 1955); *Lanzetta v. State of New Jersey*, 306 *U. S.* 451, 59 *S. Ct.* 618, 83 *L. Ed.* 888 (1938).

In judging the sufficiency of the language employed in a penal statute it is necessary to give consideration to the latitude of the field encompassed and the consequent impracticability of rigid legislative criteria. As stated in *State v. Frankel, supra*, 42 *N. J. Super.*, at *page* 11:

"* * * It is, however, common to find regulatory penal statutes or ordinances which are necessarily couched in terms of fairly broad scope because of the peculiar nature of the subject matter in question."

In *Boyce Motor Lines v. United States,* 342 *U. S.* 337, 72 *S. Ct.* 329, 330, 96 *L. Ed.* 367, 371 (1951), the court said:

"A criminal statute must be sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation. But few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. Consequently, no more than a reasonable degree of certainty can be demanded. Nor is it unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."

In *State v. New York Central Railroad Co., supra,* the court said, 37 *N. J. Super.,* at *page* 48:

"* * * Where the legislative regulatory object is appropriate and the conduct intended to be prohibited is not fairly susceptible of definition in other than general language, there is no constitutional impediment to its use. *United States v. Petrillo, supra* (332 *U. S.,* at *page* 7, 67 *S. Ct.* 1538, 91 *L. Ed.* 1877). That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls, is not a sufficient reason to hold the language too ambiguous to define a penal offense. See *Robinson v. United States,* 324 *U. S.* 282, 285, 65 *S. Ct.* 666, 89 *L. Ed.* 944 (1945). No more than a reasonable degree of certainty can be demanded. *Boyce Motor Lines, Inc. v. United States, supra.*"

In *Sproles v. Binford,* 286 *U. S.* 374, 52 *S. Ct.* 581, 587, 76 *L. Ed.* 1167, 1182 (1932), the court said:

"* * * The requirement of reasonable certainty does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. * * * The use of common experience as a glossary is necessary to meet the practical demands of legislation."

■ Furthermore, it is a fundamental policy of our jurisprudence not to invalidate a statute that has been in force

without any substantial challenge for many years unless its unconstitutionality is obvious. Even without the lapse of time doubts are always resolved in favor of constitutionality. *Gibraltar Factors Corp. v. Slapo,* 23 *N. J.* 459, 463 (1957).

■ Liberal effect is always given to legislation where possible and reasonable certainty fulfills constitutional requirements. The ordinary and popular meaning is to be given to words in a statute unless it is evident that they are employed in a technical sense. *State v. Russo,* 6 *N. J. Super.* 250 (*App. Div.* 1950), certification denied 4 *N. J.* 456 (1950).

■ The clear and apparent purpose of the statute here involved illustrates the impossibility of delineating in precise detail all of these innumerable acts which could constitute driving a vehicle "carelessly or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property." Mind of man is incapable of visualizing in advance all possible factual situations which would fall within these categories. It is impossible to catalogue in advance each possible course of conduct which would violate the statute. And yet the general words have a sufficient common connotation that the ordinary man is apprised with a reasonable degree of certainty of that which is proscribed. The words of *N. J. S. A.* 39:4–97 express ideas which find adequate interpretation in common usage and understanding and hence the statute meets the constitutional requirements.

## II.

On the trial *de novo* before the County Court the defendant was cross-examined concerning his testimony given on the trial before the magistrate, for the purpose of demonstrating contradictory statements and so to attack his credibility. Defendant asserts that the synopsis of the testimony which was included in the magistrate's return pursuant to Local Criminal Court Form No. 12 (deleted September 30,

1960), and delivered pursuant to *R. R.* 3:10–4, was employed in this cross-examination. He argues that the use thereof for this purpose and the consideration thereof by the County Court constitutes reversible error. It is to be noted that the return was not offered as an exhibit at the trial. There is no evidence in the appendix that the trial court referred to or relied upon that testimony in reaching a final conclusion, nor that there exists any contradiction between that to which defendant testified before the magistrate and that to which he testified before the County Court.

A County Court should not consider the testimony adduced before the magistrate where the appeal results in a plenary trial *de novo* for the purpose of determining whether a defendant is guilty of the offense with which he stands charged. *State v. Weiss,* 21 *N. J. Super.* 507 (*App. Div.* 1952); *cf. R. R.* 3:10–10(a); *State v. Hanson,* 59 *N. J. Super.* 434 (*App. Div.* 1960), certification denied 32 *N. J.* 351 (1960). The decision should be made entirely upon the testimony adduced at the trial before the County Court. *State v. Dunn,* 45 *N. J. Super.* 224 (*App. Div.* 1957); *State v. Weiss, supra.* Prior inconsistent statements may, however, be used for the purpose of contradiction to effect the credibility of the witness. *State v. Salimone,* 19 *N. J. Super.* 600 (*App. Div.* 1952); *Union City v. Mobsby,* 15 *N. J. Super.* 246 (*App. Div.* 1951).

If it appeared that the County Court had used the synopsis of the testimony of the magistrate's hearing to the prejudice of the defendant in reaching his determination, without such evidence having been introduced as an exhibit in the County Court trial, such action would constitute error. However, there is no evidence that such occurred.

### III.

Defendant asserts that the elimination of *N. J. S. A.* 39:4–97 from the original complaint and the substitution

of *N. J. S. A.* 39:4–82 by the amendment to that end by the County Court placed him twice in jeopardy. He rationalizes that the same evidence and the same transaction are involved in both charges and that therefore he is being twice tried for the same alleged offense. He also argues that the change in the charge amounted to "harassment, oppression, multiple prosecution and unfairness which violates the basic fair play concepts and due process clause of the United States Constitution, Amendment XIV Section I."

Under *N. J. S. A.* 39:5–11 and *R. R.* 3:10–10, an appeal to the County Court from a conviction by a municipal court of any of the provisions of N. J. S. A. 39:1–1 *et seq.* results in a trial *de novo* before the County Court. The trial *de novo* nullifies the proceedings before the municipal court, except the initiating proceedings of complaint and warrant. *Burnell v. Atlantic County Court of Common Pleas,* 3 *N. J. Misc.* 531 (*Sup. Ct.* 1925); *State v. Henry, supra.*

The judgment on such a trial *de novo* nullifies the judgment of the municipal court. *State v. Baumgartner, supra; State v. Hunter,* 12 *N. J. Super.* 128 (*App. Div.* 1951). It follows, therefore, that when defendant was convicted by the County Court there were one trial and one conviction arising out of the operation of a motor vehicle by him in the manner alleged. He was not tried twice nor twice punished for the same offense.

We see no merit to defendant's argument that the trial before the County Court violates the *Fourteenth Amendment* of the *United States Constitution.*

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.