**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2986-17T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

VINCENT MAZZAGATTI,

      Defendant-Appellant.

_____

Argued August 27, 2019 – Decided September 6, 2019

Before Judges Gilson and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 18-13.

Britt J. Simon argued the cause for appellant (Simon Law Group, attorneys; Britt J. Simon, on the brief).

Natacha Despinos-Peavey, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Natacha Despinos-Peavey, on the brief).

PER CURIAM

Defendant Vincent Mazzagatti appeals from a February 26, 2018 Law Division order denying his petitions for post-conviction relief (PCR) from two convictions for driving while under the influence (DWI), N.J.S.A. 39:4-50, entered after defendant pled guilty twenty-five and twenty-eight years prior to the petitions. The order was issued following a de novo review of the municipal court orders denying defendant's PCR petitions. We affirm substantially for the reasons set forth by Judge Kevin M. Shanahan in his thorough written opinion, filed on February 26, 2018.

I

On January 20, 1989, defendant, who at that time was twenty-one years old, pled guilty to DWI in Bridgewater Township Municipal Court. On December 11, 1992, defendant, who at the time was twenty-five years old, pled guilty to another DWI offense in Bound Brook Municipal Court. On December 11, 2018, defendant entered a conditional plea to a third DWI in Bound Brook Municipal Court. Because defendant's second DWI conviction occurred more than ten years prior to his third, he was sentenced as a second offender pursuant to the step-down provision of N.J.S.A. 39:4-50(a), and received a two-year driver's license suspension, two years' installation of an ignition interlock

device, thirty days of community service, a referral to the Intoxicated Driving Resource Center, and financial penalties.

Defendant filed PCR petitions seeking to vacate his pleas in 1989 and 1992, in the Bridgewater Township and Bound Brook Municipal Courts. Defendant's 2018 plea was conditioned on the outcome of his petitions. In challenging his two DWIs, defendant attempted to obtain transcripts from the municipal courts. Both courts responded that they were unable to provide the transcripts due to a fifteen-year records retention policy.

In the absence of transcripts, defendant certifies that he was not represented by counsel in connection with his guilty plea in 1989, that a factual basis for the offense was not elicited by the court, that possible legal defenses were not brought to his attention, and that he was not informed of subsequent or collateral consequences of his guilty plea. In connection with his 1992 plea hearing in Bound Brook, defendant certifies that he was represented by counsel, but that he does not recall the name of his attorney. He again certifies that a factual basis for the offense was not established, and that he was not informed of any legal defenses or subsequent or collateral consequences of the plea by the court or his attorney.

3

Oral argument was heard in the municipal courts on October 31, 2017, concerning defendant's petitions. On November 2, 2017, his Bound Brook petition was denied, and on November 3, 2017, his Bridgewater petition was denied. Defendant thereafter filed a municipal appeal in the Law Division. Oral argument was heard on February 14, 2018, and in a February 26, 2018 order, Judge Shanahan denied defendant's PCR petitions. The order was accompanied by a fourteen-page written opinion. Defendant now appeals from the order entered by the Law Division.

## II

On this appeal, defendant presents five arguments for our consideration, which he articulates as follows:

> Point I: The Law Division Improperly Applied the Time Bar In Finding That Defendant Failed to Establish Excusable Neglect and Should Have Found A Manifest Injustice Below; Unfair Records Retention Rules Fail to Recognize the Magnitude of DWI Convictions and Prevented Defendant from Presenting the Very Evidence That Would Have Established a Colorable Claim, A Very Realistic Prospect In Light of Recent Supreme Court Reports and Decisions.
>
> Point II: Defendant Established the Factors to Vacate His Guilty Plea, The Law Division Erred by Failing to Apply the State v. Slater Factors.
>
> Point III: The Law Division Should Have Vacated The Plea Because It Lacked a Proper Factual Basis.

A-2986-17T2

Point IV:    The Law Division Should Have Vacated the Plea in Order to Correct a Manifest Injustice.

Point [V]:    The Law Division Should Have Vacated the Plea [Because] Defendant Was Never Advised of his Right to Appeal.

We disagree with defendant's arguments substantially for the same reasons explained by Judge Shanahan in his written opinion.  Specifically, defendant's petitions are time-barred, and he has not shown a manifest injustice warranting the withdrawal of his pleas.  Accordingly, we affirm the denial of defendant's petitions for PCR.

On appeal from the Law Division's review of a municipal appeal, we "consider only the action of the Law Division and not that of the municipal court."  State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)).  "Our review of the factual record is . . . limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings."  State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016) (first citing State v. Johnson, 42 N.J. 146, 161-62 (1964); and then citing State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)).  Our review of the Law Division's "purely legal

5                                        A-2986-17T2

conclusions . . . is plenary." State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010) (citing State v. Handy, 412 N.J. Super. 492, 498 (App. Div. 2010)).

Initially, we note that defendant is not challenging either of his 1989 or 1992 DWI convictions on the basis that he was not advised of or was unaware of his right to counsel. Indeed, defendant was represented by legal counsel in connection with his plea in 1992. Moreover, before the Law Division, defendant did not seek to reduce an enhanced custodial sentence pursuant to Rule 7:10-2(g). Accordingly, defendant is not seeking relief under State v. Laurick, 120 N.J. 1 (1990) or State v. Patel, ___ N.J. ___, (2019).

Defendant's petitions are time-barred because they were filed more than five years from the date of his DWI convictions in 1989 and 1992. The relevant rule reads, in part:

> (1) A petition to correct an illegal sentence may be filed at any time.
>
> (2) A petition based on any other grounds shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect.
>
> [R. 7:10-2(b).]

A-2986-17T2

Judge Shanahan found that defendant failed to demonstrate "excusable neglect" because defendant's arguments were based on his ignorance of the law, namely, the collateral consequences of a DWI conviction. The Judge also held that defendant's assertions of injustice based largely on the municipal courts' records retention policy were too vague to warrant relief under Rule 1:1-2.

On appeal, defendant argues that the Law Division erred because adherence to Rule 7:10-2(b) in this case would "result in an injustice." R. 1:1-2. Under Rule 1:1-2, a petitioner must allege specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision" to provide relief. State v. Mitchell, 126 N.J. 565, 579 (1992). In the context of a PCR petition, the time-bar should be relaxed "only under exceptional circumstances." Id. at 580.

Defendant argues that Bound Brook and Bridgewater Township Municipal Courts destroyed the plea transcripts in accordance with their fifteen-year records retention policy, which deprived him of his ability to present evidence justifying post-conviction relief. Defendant alleges the transcripts would have shown that he was unaware of the collateral consequences of his DWI convictions, did not provide factual bases for his pleas, and was not made aware of his right to appeal.

A-2986-17T2

Defendant requests that we hold the fifteen-year records retention policy to be too short, based on the long-term implications that a DWI conviction can carry for subsequent offenders. Defendant's argument is unpersuasive, especially considering that the fifteen-year records retention policy substantially exceeds the five-year time-bar for seeking post-conviction relief from a DWI conviction. Furthermore, we are reluctant to address the argument on this record, as defendant's substantive claims are based on bald allegations of impropriety and an admittedly "limited memory" of the plea hearings. Therefore, the municipal courts' compliance with its records retention schedule did not result in an injustice to defendant sufficient to relax the Rule 7:10-2(b) time-bar. See R. 1:1-2. The Law Division correctly denied defendant's petitions on that basis.

Defendant also seeks to vacate his pleas. Under Rule 7:6-2(b), a guilty plea in municipal court may be withdrawn after sentencing "to correct a manifest injustice." In evaluating whether a manifest injustice has occurred, courts consider: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." State v. Slater,

198 N.J. 145, 157-58 (2009). "[E]fforts to withdraw a plea after sentencing must be substantiated by strong, compelling reasons[,]" and "the longer the delay in raising a reason for withdrawal . . . the greater the level of scrutiny needed to evaluate the claim." Id. at 160.

Judge Shanahan concluded that there was no manifest injustice in this case, primarily because defendant did not claim innocence; the reasons for defendant's withdrawal were not compelling; and withdrawal would result in unfair prejudice to the State, as the pleas were entered nearly three decades ago. We agree with those conclusions.

Defendant's remaining arguments are based on bald assertions without evidential support in the record, and otherwise lack substantive merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2986-17T2