**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1565-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELLIOTT BATES,

    Defendant-Appellant.

_____

           Argued October 3, 2019 – Decided November 15, 2019

           Before Judges Gilson and Rose.

           On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 18-10.

           Elliott Bates, appellant, argued the cause pro se.

           Cheryl L. Hammel, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant Elliott Bates was convicted of the motor vehicle violation of failing to change lanes for an emergency vehicle contrary to N.J.S.A. 39:4-92.2 (the "Move Over" law). In municipal court, defendant was sentenced to pay a fine of $186, court costs of $33, and ordered to retake his driver's license test. The Law Division did not resentence defendant; instead, the Law Division stated that it would not modify the sentence. Having reviewed the record and law, we reject defendant's arguments and affirm his conviction. We remand so that the Law Division can impose the sentence de novo.

I.

The trial de novo in the Law Division was conducted on the municipal court record. At trial, two witnesses testified: Officer Michael Basso of the Jackson Township Police Department and defendant. Officer Basso was the officer who observed defendant's infraction and issued the motor vehicle summons to defendant.

On February 20, 2018, just after 8 p.m., Officer Basso was in his patrol car parked on the side of a highway. The officer had just finished dealing with a traffic stop of another vehicle. As the officer sat in his patrol car, he observed another vehicle coming towards his vehicle and then passing by his vehicle.

Officer Basso testified that the vehicle was traveling at a high rate of speed and passed within three feet of his patrol car. The officer also testified that his patrol car was a marked police vehicle, the overhead lights on the vehicle were activated, and the dash camera video (MVR) was running.

After the vehicle passed his patrol car, Officer Basso followed and stopped the vehicle. The vehicle was driven by defendant, and Officer Basso issued a summons to defendant for failure to move over. The MVR continued to run and record that stop. A copy of that video was introduced into evidence and played at trial.

At his municipal trial, defendant testified that he was driving carefully, that he slowed down substantially as he passed the officer's vehicle, and that he moved as far away as possible from the officer's vehicle without crossing into the left lane. Defendant also contended that the stop and summons were part of a vendetta and conspiracy to harass him orchestrated by the Jackson Township Police Chief. To support that contention, defendant subpoenaed the Chief of Police to testify at the municipal trial. The municipal judge quashed this subpoena, ruling that it would be "inappropriate" to compel the Chief of Police to testify.

3

After hearing testimony and reviewing the MVR, the municipal judge found Officer Basso to be credible and defendant to be incredible. Based on the officer's testimony, the municipal judge found defendant guilty of violating N.J.S.A. 39:4-92.2. As noted, the municipal judge sentenced defendant to pay a fine of $186, court costs of $33, and ordered defendant to retake his driver's license test.

Defendant appealed to the Law Division. In front of the Law Division, defendant focused his arguments on the contention that the Jackson Township Police Department had a vendetta against him and was harassing him. The Law Division judge noted that the municipal court quashed defendant's subpoena of the Chief of Police and that the Chief of Police did not appear to have any firsthand knowledge of the charges against defendant. Accordingly, the Law Division did not allow defendant to supplement the record.

Turning to the actual charge, the Law Division judge agreed with and adopted the municipal court judge's credibility findings. Specifically, the Law Division judge found that Officer Basso's testimony was credible and that it was corroborated by the MVR. Accordingly, the Law Division found that defendant had violated N.J.S.A. 39:4-92.2.

4

As previously noted, the Law Division did not resentence defendant. Instead, the judge stated that he was not going to modify the sentence imposed by the municipal court and "affirm[ed]" the municipal court's ruling. On November 30, 2018, the Law Division entered an order denying defendant's municipal appeal. Defendant appeals the Law Division's order.

## II.

Defendant makes two arguments on this appeal. First, he contends that he was driving carefully, did not have a chance to safely move over and, therefore, he did not violate N.J.S.A. 39:4-92.2. Second, he argues that the municipal judge should have allowed him to submit evidence concerning the conspiracy.[1]

On an appeal of a municipal conviction to the Law Division, the Law Division judge must decide the matter de novo on the record. State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). This means that the Law Division judge must independently make his or her own factual findings, rather than determine whether the findings of the municipal judge were supported by

---

[1] In his amended notice of appeal, defendant named the Ocean County prosecutor, the Lakewood Township's Chief of Police, Officer Basso, the Township's court administrator, the municipal judge, and the municipal prosecutor as "parties." None of those individuals were parties to the municipal court action. Thus, to clarify the record, any attempt to add those parties to this appeal is denied and the appeal is dismissed as to all of those parties.

sufficient credible evidence. See ibid.; State v. Johnson, 42 N.J. 146, 157 (1964). In making findings about witness credibility, however, the Law Division judge should give "due" but "not necessarily controlling" weight to the municipal judge's credibility determinations, because the municipal judge had the opportunity to observe the testimony firsthand. Adubato, 420 N.J. Super. at 176 (quoting Johnson, 42 N.J. at 157).

When we review the Law Division judge's decision, our standard is different. We do not decide the facts de novo. Instead, we decide whether the Law Division judge's factual findings were supported by sufficient credible evidence. State v. Locurto, 157 N.J. 463, 470-71 (1999) (quoting Johnson, 42 N.J. at 161); Adubato, 420 N.J. Super. at 176. Where both the municipal judge and the Law Division judge have found a witness credible, we owe particularly strong deference to the Law Division judge's credibility findings. Id. at 474. We review the Law Division judge's legal conclusions de novo. See State v. Rivera, 411 N.J. Super. 492, 497 (App. Div. 2010).

We will first address defendant's substantive arguments concerning his conviction of the motor vehicle offense. In short, defendant makes arguments consistent with the testimony he gave in the municipal trial. The Law Division judge, effectively rejected that testimony by relying on the testimony of Officer

Basso. The testimony of Officer Basso supported the factual findings that defendant's vehicle traveled too close to the officer's vehicle and that defendant had the time, but failed to move over. Those factual findings support a conviction for violating N.J.S.A. 39:4-92.2. Accordingly, we affirm the Law Division's ruling that defendant violated that statute.

In his second argument, defendant seeks to challenge the actions of the municipal court. Specifically, he argues that the municipal court violated his rights by not allowing him to compel testimony from the Chief of Police and offer other evidence concerning the alleged conspiracy against him.

We do not review municipal court judgments. See State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961). Instead, we review the decision by the Law Division. Ibid. The Law Division conducts a de novo review of the record developed by the municipal court, including its evidentiary decisions. State v. Golin, 363 N.J. Super. 474, 481 (App. Div. 2003). Rule 3.23-8(a)(2) provides that the Law Division may remand a matter "for the limited purposes of correcting a legal error in the proceedings below[]" such as an improper evidentiary decision.

We discern no error in the Law Division's decision to not admit supplemental evidence. There is no dispute that the Chief of Police did not

participate in the stop that resulted in the motor vehicle summons issued to defendant. Defendant has also failed to articulate or provide any support for his contention that the ticket was issued as part of a vendetta against him.

Finally, we are constrained to remand the matter for sentencing by the Law Division. After conducting a de novo review, the Law Division must resentence a defendant who has been found guilty. R. 3:23-8 (e) ("Disposition by Superior Court, Law Division. If the defendant is convicted, the court shall impose sentence as provided by law."). The sentence should not be greater than the sentence imposed in the municipal court. State v. Kashi, 180 N.J. 45, 49 (2002). The Law Division did not resentence defendant in this case. Accordingly, we remand for that limited purpose.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1565-18T3