**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1585-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANCIS SCANLON,

     Defendant-Appellant.

_____

> Submitted October 21, 2019 – Decided March 5, 2020
>
> Before Judges Fasciale and Mitterhoff.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 19-4.
>
> Robert E. Ramsey, attorney for appellant.
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Lauren E. Bland, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Francis Scanlon appeals his June 21, 2018 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50(a), after a trial de novo in the Law Division in which he appealed his municipal court conviction.  On appeal, defendant argues that he was not subject to prosecution under N.J.S.A. 39:4-50(a) because the vehicle he was operating, a farm tractor, did not constitute a motor vehicle as defined by N.J.S.A. 39:1-1.  Having reviewed the record in light of the arguments presented, we affirm.

I.

The trial of defendant's DWI and related motor vehicle offenses was conducted before the Branchburg Municipal Court on May 11, 2018.  Counsel stipulated to the following facts.  On August 19, 2017, defendant was operating a John Deere 4440 tractor against traffic in the westerly direction along the shoulder of eastbound Route 22 in Branchburg.  The police stopped defendant, and he consented to and was administered psycho-physical evaluations along the highway.  A sample of defendant's breath, procured by way of administration of an Alcotest, "returned a result of [a] .32 blood alcohol content."  The Alcotest was administered in conformity with State v. Chun, 194 N.J. 54 (2008). Defendant had left the Royal Bar parking lot and was heading home at the time of his arrest.  He admitted to drinking five or six beers and to operating the

tractor while under the influence. The tractor was neither registered with the Motor Vehicle Commission nor was it insured.

Despite these concessions, defendant argued that he was not guilty of violating N.J.S.A. 39:4-50(a) because a farm tractor is not a motor vehicle as defined by N.J.S.A. 39:1-1. The municipal court judge rejected defendant's legal argument and found him guilty of the charged violation of N.J.S.A. 39:4-50(a).[1] The judge sentenced defendant to a 10-year driver's license revocation, a 1-year interlock, $1389 in fines, 48 hours at the Intoxicated Driver Resource Center, and 180 days in the Somerset County jail.

Defendant appealed his conviction to the Superior Court in Somerset County. On November 1, 2018, Judge Peter J. Tober entered an order and written opinion, rejecting, as had the municipal court judge, defendant's legal argument. The judge determined that the legislative intent of our drunk driving statutes is "to curb the tragedies associated with driving while under the influence and the broad definition of a motor vehicle (which includes farm tractors) justifies a conviction on the facts presented." Judge Tober reasoned that defendant's farm tractor qualified as a motor vehicle under N.J.S.A. 39:1-1 because defendant "operat[ed] the . . . tractor with the primary intention of the

---

[1] The remaining summonses were dismissed.

tractor transporting him from place to place." Accordingly, the judge denied defendant's appeal and imposed the same sentence that the municipal court judge ordered. Judge Tober stayed the portion of the sentence imposing the 180-day jail term pending appeal.

On appeal, defendant raises the following arguments:

> I. THE DECISION OF THE LAW DIVISION RESTED ON THE AUTHORITY OF A CITED, UNPUBLISHED OPINION AND AS SUCH VIOLATED THE PROVISIONS OF RULE 1:36-3.
>
> II. THE FARM TRACTOR DEFENDANT OPERATED ON A PUBLIC HIGHWAY ON AUGUST 19, 2017 IS NOT A MOTOR VEHICLE WITHIN THE MEANING OF N.J.S.A. 39:1-1 AND N.J.S.A. 39:4-50(a).

II.

Because the parties stipulated to all the facts, defendant's appeal rests solely on a narrow legal issue: whether a farm tractor is considered a motor vehicle for purposes of N.J.S.A. 39:4-50(a).

On appeal, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)). We review a trial court's legal determinations de novo. State v. Stas, 212 N.J. 37, 49 (2012) ("[N]o such deference is owed to the Law Division or the municipal court with respect to

4

legal determinations or conclusions reached on the basis of the facts."); see State v. Handy, 206 N.J. 39, 45 (2011).

III.

N.J.S.A. 39:4-50(a) defines someone driving while intoxicated as "a person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood[.]"  We afford the terms of N.J.S.A. 39:4-50 a broad reading in order to effectuate the legislative intent.  State v. Tischio, 107 N.J. 504, 512 (1987).  In that regard, we are "enjoined to give our drunk-driving statutes the pragmatic and flexible interpretations necessary to effectuate the Legislature's regulatory aims, while honoring the due process limitations necessarily attendant upon the law's penal sanctions."  Ibid.  The legislative goal in enacting N.J.S.A. 39:4-50(a) was "to curb the senseless havoc and destruction caused by intoxicated drivers."  State v. Marquez, 202 N.J. 485, 496 (2010) (quoting Tischio, 107 N.J. at 512).

N.J.S.A. 39:1-1 defines a motor vehicle to include "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks, low-speed electric bicycles, low-speed electric scooters, and

motorized bicycles." Notably, a farm tractor does not fall within the enumerated exceptions of the statutory definition of a motor vehicle. Additionally, a vehicle is defined as "every device in, upon or by which a person or property is or may be transported upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks or low-speed electric bicycles, low-speed electric scooters, or motorized bicycles." Ibid. Again, a farm tractor is not excepted from the statutory definition of a vehicle. Indeed, in this case, the farm tractor was not only capable of transporting defendant but was in fact being used to transport him on the highway from the local bar to his home. Finally, a farm tractor is more specifically defined as "every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." Ibid. By its terms, the statute defines a farm tractor as a type of motor vehicle. For these reasons, we conclude, as did Judge Tober, that a farm tractor is a motor vehicle as defined by N.J.S.A. 39:1-1.

Like the courts below, we are unpersuaded by defendant's argument that Ferrante Equipment Co. v. Foley Machinery Co., 49 N.J. 432 (1967), narrowed the definition of a motor vehicle to shield inebriated farm tractor operators from prosecution under N.J.S.A. 39:4-50(a). Ferrante involved an action by the seller

of a bulldozer against a repairman, in which the seller sought to recover possession of the bulldozer after the repairman asserted a lien for the cost of repairs he had performed on the bulldozer. Id. at 434-35. The precise issue was whether the seller's lien, which was perfected by virtue of its filing of a financing statement, was superior to the repairman's lien. Id. at 435. The resolution of that issue, in turn, depended on whether a bulldozer was a motor vehicle for purposes of the Garage Keepers and Automobile Repairmen Act (the Act), N.J.S.A 2A:44-20 to -31.[2] Id. at 434.

Noting that the Act contains no definition of a motor vehicle, the Ferrante Court looked for guidance to N.J.S.A. 39:1-1. Id. at 438. The Court concluded that the legislature intended the term "motor vehicle" to include "only those self-propelled vehicles which are used on a highway primarily for purposes of transporting persons and property from place to place, e.g., automobiles, trucks, and buses." Ibid. The Court reasoned that "a bulldozer is used primarily for excavation and building purposes and only incidentally to transport persons or property from place to place." Ibid. The Court concluded that bulldozers "are

---

[2] Under the Act, a prior perfected security interest has priority over a statutory garage keeper's lien for an amount due for storage, maintenance, keeping or repairing a motor vehicle. N.J.S.A. 2A:44-21.

not ordinarily designed and used for transportation of persons and property on public streets," and the legislature did not intend to include such a vehicle under the purview of the Act. Id. at 440.

We reject defendant's invitation to extend the reasoning in Ferrante beyond its narrow factual and legal context. First, farm tractors, unlike bulldozers, are specifically defined as a type of motor vehicle. N.J.S.A. 39:1-1. More importantly, affording the terms of N.J.S.A. 39:4-50 a broad reading to effectuate our Legislature's intent, as we must, see Tischio, 107 N.J. at 512, we conclude it would directly contravene the legislative goal of curbing drunk driving to allow the operation of a farm tractor on the highway while the operator is under the influence. In that regard, we find that under a "pragmatic and flexible interpretation[] necessary to effectuate the Legislature's regulatory aims," ibid., whereas here, defendant utilized his farm tractor as a means of transportation as he would any other motor vehicle, there is no question that he is subject to prosecution under N.J.S.A. 39:4-50(a).

Defendant's argument that the trial judge impermissibly relied upon an unpublished opinion in rendering his decision lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-1585-18T1