**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2901-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KRISTIN E. LOPEZ,

    Defendant-Appellant.

_____

> Argued April 30, 2024 – Decided May 15, 2024
>
> Before Judges Mayer and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 22-0015.
>
> Evan M. Levow argued the cause for appellant (Levow DWI Law, PC, attorneys; Evan M. Levow, of counsel and on the brief; Keith G. Napolitano Jr., on the brief).
>
> Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney; Stephen A. Pogany, on the brief).

PER CURIAM

Defendant Kristin E. Lopez appeals from a May 11, 2023 order, after Law Division Judge Arthur J. Batista conducted a de novo review, affirming a September 30, 2022 order issued by the Cedar Grove municipal court judge, finding defendant guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50. We affirm for the reasons expressed by Judge Batista in his cogent written decision.

We briefly summarize the facts based on the Law Division hearing transcript and Judge Batista's May 11, 2023 written opinion.

Defendant appeared in Cedar Grove municipal court as a result of citations charging her with DWI and numerous other motor vehicle violations. The municipal court judge conducted a Rule 104 hearing over the course of two days to address, in part, the admissibility of the Alcotest results. New Jersey State Police Trooper Francisco Hurtado, a certified Alcotest operator, instructor and coordinator for Union, Essex and Hudson counties and Cedar Grove Police Captain Francis Pumphrey testified. Together with other exhibits, the municipal court judge admitted the Alcohol Influence Report (AIR) into evidence.

Based upon the testimony of Trooper Hurtado and Captain Pumphrey and the exhibits admitted as evidence, the municipal court judge found the Alcotest

2

results were admissible subject to the admission of other foundational documents.

After the municipal court judge's evidentiary ruling, defendant entered a conditional guilty plea to DWI. The remaining motor vehicle violations were dismissed pursuant to the negotiated plea. Defendant was sentenced to fines and assessments, license forfeiture for four months, twelve hours at the Intoxicated Driver Resource Center (IDRC), and nine months of ignition interlock device (IID)[1] following completion of the license forfeiture penalty.

Defendant appealed to the Law Division, challenging in relevant part, the admissibility of the AIR. After reviewing the parties' briefs and hearing oral argument, in May 2023, Judge Batista issued a thorough written opinion finding defendant guilty of DWI and affirming the sentence imposed by the municipal court judge. This appeal followed.

On appeal, defendant raises the following issue:

> SINCE THE ALCOHOL INFLUENCE REPORT IS REPORTING THE RESULTS OF THE BREATH TEST PRIOR TO THE COMPLETION OF THE TEST, THE A.I.R. SHOULD NOT HAVE BEEN ADMITTED INTO EVIDENCE.

---

[1] An IID is a "blood alcohol equivalence measuring device which will prevent a motor vehicle from starting if the operator's blood alcohol concentration exceeds a predetermined level when the operator blows into the device." N.J.S.A. 39:4-50.17.

Our "review of a municipal appeal to the Law Division is limited to 'the action of the [Law Division] and not that of the municipal court.'" State v. Palma, 219 N.J. 584, 591-92 (2014) (quoting State v. Joas, 34 N.J. 179, 184 (1961)). In reviewing a trial judge's de novo decision on a municipal appeal, our review is limited to "determin[ing] whether sufficient credible evidence in the record supports the Law Division's decision." State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016). "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). "However, where issues on appeal turn on purely legal determinations, our review is plenary." Monaco, 444 N.J. Super. at 549 (citing State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011)).

In her appeal, defendant contests the admissibility of the AIR, alleging the "Alcotest data download" reports the breath test results prior to the completion of the test and therefore the test is incorrect. While not challenging the scientific reliability of the Alcotest machine, defendant challenges the reporting of the machine's results in the AIR. As noted by Judge Batista, defendant "relies upon the Special Master's report in State v. Chun[, 194 N.J. 54 (2008)] wherein it provides, '[i]f any of the categories of data fields in the AIR are incomplete in any respect . . . no part of the AIR can be used by the State for purposes of

A-2901-22

finding guilt. A BAC[2] finding of .08 or above in such circumstance may not be admitted into evidence.'"[3] (second alteration in original) (emphasis omitted). Further, defendant asserts that because the AIR does not contain the stop time for the breath samples, the AIR is incomplete and thus not admissible. However, none of the Special Master's detailed recommendations, as adopted by the New Jersey Supreme Court in Chun, 194 N.J. at 150-54, specifically required the AIR to record the start and stop times of the breath sample.

We note defendant failed to include a copy of the AIR in her appendix. Therefore, we are unable to fully evaluate defendant's arguments regarding the AIR's admissibility.

Having reviewed the record, Judge Batista appropriately delineated the admissibility standards for Alcotest results enunciated by the Court in Chun; namely, the Alcotest results are admissible if "(1) the device was in working order and had been inspected according to procedure; (2) the operator was certified; and (3) the test was administered according to official procedure." Id. at 134 (citing Romano v. Kimmelman, 96 N.J. 66, 81 (1984)).

---

[2]  BAC refers to an individual's blood alcohol content.

[3]  We quote verbatim from Judge Batista's opinion which refers to the Special Master's report in Chun, 194 N.J. 54 (2008).

Relying on Trooper Hurtado's testimony, Judge Batista was not persuaded that the test results were "incomplete." Defendant argues that because the results of the Alcotest are calculated at the end time, the AIR is misleading by only including the start time and is therefore factually incorrect. However, as Trooper Hurtado explained, while only the start time is reported on the AIR, the end time can be seen on the digital data download. As a result, Trooper Hurtado confirmed that the anomaly alleged by defendant does not impugn the integrity of the AIR, nor does it result in an inaccurate BAC reading.

As Judge Batista correctly noted, the record is void of evidence supporting defendant's "notional proposition" that the AIR was incomplete because it did not reflect the stop time of the breath sample. Defendant called no witnesses to support this theory; nor did she offer any legal support for her argument. Despite failing to offer evidence to establish a nexus between the lack of a stop time of the breath sample and the reliability or functionality of the Alcotest, defendant argues the incompleteness of the AIR, on its face, renders it inadmissible. Such a conclusion, as Judge Batista noted, would have far reaching consequences beyond defendant's case. We further agree with Judge Batista's conclusion "such a momentous result given the extreme paucity of evidence supporting [defendant's] abstract position" must fail.

A-2901-22

Based upon Judge Batista's review of the testimony of Trooper Hurtado and Captain Pumphrey and the evidence admitted during the Rule 104 hearing, Judge Batista correctly concluded the Alcotest device for defendant's sample was in working order, was inspected before the procedure, the operator was certified, and the test was properly administered. We are satisfied there is sufficient credible evidence in the record to support the Law Division judge's decision.

To the extent we may not have addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7