**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4058-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN C. CAICEDO,

     Defendant-Appellant.

_____

          Submitted December 9, 2025 – Decided December 17, 2025

          Before Judges Susswein and Chase.

          On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 23-20.

          Hugo Villalobos, attorney for appellant.

          Mark Musella, Bergen County Prosecutor, attorney for respondent (Michael R. Philips, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     More than eleven years after pleading guilty in municipal court to driving while intoxicated ("DWI"), N.J.S.A. 39:4-50, defendant Juan Caicedo sought to

vacate his guilty plea. He now appeals from a July 18, 2024 Law Division order entered after a de novo review, denying his petition for post-conviction relief ("PCR") and upholding his DWI conviction.

In this appeal, defendant argues:

POINT I

THE LAW DIVISION ERRED WHEN HOLDING THAT THERE WAS INSUFFICIENT CREDIBLE EVIDENCE OF INEFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO LAW[.]

POINT II

THE LAW DIVISION ABUSED ITS DISCRETION WHEN HOLDING THAT THE DEFENDANT FAILED TO MAKE A PRIMA FACIE CASE[.]

POINT III

THE LAW DIVISION ERRED WHEN FINDING THAT THE DEFENDANT DID NOT MEET ITS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE AT THE MUNICIPAL COURT EVIDENTIARY HEARING[.]

We conclude defendant's PCR petition was untimely and affirm.

I.

The record shows on January 23, 2011, Carlstadt police charge defendant with DWI. He appeared in municipal court on March 17, 2011, represented by

counsel, and pled guilty.[1] Defendant was sentenced to a fine, court costs, and a three-month suspension of his driver's license.

On September 3, 2022, defendant filed a PCR petition in the Carlstadt Municipal Court to vacate his 2011 guilty plea and conviction for driving while intoxicated because he faced a third DWI charge. In support of his PCR, defendant certified that he did not remember the name of his prior attorney , the name of the court where he pled guilty, whether the prior attorney went over the file with him, whether his prior attorney discussed the proofs of the case provided by the State, whether his prior attorney discussed the consequences of the plea, and that he did not remember the judge reading him his rights. He also certified that he did not remember if he had a Spanish interpreter when he pled guilty.

---

[1] There are no transcripts of the hearing as it took place well over ten years ago. However, the Carlstadt Municipal Court retained the following documents in their file: Summons #0205-SPS-0044868; Notification of Penalties for Subsequent DWI or Driving on Revoked List Convictions form dated March 17, 2011; Order and Certification Intoxicated Driving and Related Offenses form dated March 17, 2011; letter of representation from attorney dated January 31, 2011; and multiple plea forms in which counsel was listed.

A-4058-23

Ater hearing testimony in June 2023, the municipal PCR court denied relief in an order and oral decision.[2] The court noted defendant's inability to affirmatively recount the events and found his testimony lacked credibility. The court commented that when defendant thought answering the question could help his case he suddenly remembered what happened, but when questions were asked that he thought would undermine his argument, he testified he could not remember.

Defendant appealed to the Law Division. In July 2024, the court determined that defendant failed to establish excusable neglect for filing his petition for PCR more than a decade after the plea. Moreover, the court found, "[d]efendant's lack of memory and incredible testimony does not present a prima facie case of ineffective assistance of counsel and this [c]ourt is satisfied that prior defense counsel's performance was not deficient and defendant has failed to sustain his burden under the Strickland[3] test."

---

[2] This was the same municipal court judge who took defendant's guilty plea and sentenced him in 2011.

[3] Strickland v. Washington, 466 U.S. 668 (1984).

## II.

When reviewing a Law Division order arising from an appeal from a municipal tribunal, we "consider only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001) (citing State v. Joas, 34 N.J. 179, 184 (1961)). "Our review of the factual record is . . . limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings." State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016) (first citing State v. Johnson, 42 N.J. 146, 161-62 (1964); and then citing State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)). Unlike the Law Division, we do not independently access the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). The rule of deference is more compelling where, such as here, the municipal and Law Division judges made concurrent findings. Id. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (citation omitted). "Therefore, appellate review of the factual and credibility findings of the municipal court and Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). Review of the Law

A-4058-23

Division's legal conclusions is plenary. State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010) (citing State v. Handy, 412 N.J. Super. 492, 498 (App. Div. 2010)).

In addressing an ineffective assistance claim, New Jersey courts follow the standard formulated by the United States Supreme Court in Strickland, 466 U.S. at 687. State v. Konecny, 250 N.J. 321, 342 (2022). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J.538, 550 (2021) (quoting Strickland, 466 U.S. at 687). Second, there must be a showing that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Alvarez, 473 N.J. Super. 448, 455 (App. Div. 2022) (quoting Strickland, 466 U.S. at 694). "The defendant's conviction must be reversed if both prongs of the Strickland standard have been satisfied because, in such cases, 'the ineffective representation constitutes a breakdown in the adversary process that renders the result unreliable.'" Gideon, 244 N.J. at 550 (quoting State v. Nash, 212 N.J. 518, 542 (2013) (quoting Strickland, 466 U.S. at 687)).

III.

A PCR petition filed in the municipal court, other than one to correct an illegal sentence, "shall not be accepted for filing more than five years after entry

A-4058-23

of the judgment or imposition of sentence sought to be attacked, unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(b)(2). The rule governing PCR petitions in municipal court is virtually identical to the rule governing PCR petitions in Superior Court, therefore, the cases interpreting the Superior Court rules can provide guidance to such motions in municipal court.

"The five-year time limit is not absolute. '[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the "interests of justice" demand it.'" State v. Milne, 178 N.J. 486, 492 (2004) (alteration in original) (quoting State v. Goodwin, 173 N.J. 583, 594 (2002)). To establish excusable neglect, the defendant must do more than "simply provid[e] a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). The defendant must allege specific facts sufficient to sustain his burden of proof. State v. Mitchell, 126 N.J. 565, 579 (1992). When determining whether a defendant establishes excusable neglect, the court will acknowledge that the longer defendant's delay in filing the petition, the greater defendant's burden in justifying the grant of post-conviction relief. State v. D.D.M., 140 N.J. 83, 101 (1995). "As time passes after conviction, the

A-4058-23

difficulties associated with a fair and accurate reassessment of the critical events multiply." Mitchell, 126 N.J. at 575. "Achieving 'justice' years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed . . . and evidence is lost or unattainable." Ibid. This is further exemplified in post-conviction proceedings in municipal court because the municipal court administrator is only required to maintain court recordings for five years. See R. 7:8-8(a).

We reject defendant's argument that the relaxed standard for the five-year bar and excusable neglect set forth in State v. Laurick, 120 N.J. 1 (1990), should apply to ineffective assistance of counsel claims. That is not the standard. In Laurick, the Court held that, absent a waiver of the right to counsel, an uncounseled DWI guilty plea cannot be used to enhance the period of incarceration for future DWI convictions. Id. at 16. However, the court did not set aside the conviction but only held that the enhanced sentence could not be enforced. Ibid. Importantly, "Laurick is available only to defendants who were without counsel and not advised of their right to counsel during their DWI-related prosecutions." Konecny, 250 N.J. at 327. At the time of his plea, defendant was represented by counsel and thus is not entitled to the extended time afforded in Laurick.

A-4058-23

Defendant did not file his PCR petition until eleven years after the date of his conviction and did not demonstrate excusable neglect to warrant relaxation of the time bar. Defendant has failed to explain how plea counsel's alleged ineffectiveness contributed to the extensive delay in filing his PCR petition. There is simply no basis or support for a claim of excusable neglect. Defendant's PCR petition was untimely, and we find no reason to relax the time bar.

We have considered defendant's remaining contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hasley

Clerk of the Appellate Division

9

A-4058-23