**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1502-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERNEST MIGNOLI,

     Defendant-Appellant.

_____

Submitted March 1, 2021 – Decided July 7, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 19-011.

Daniels & Davis-Daniels, attorneys for appellant (Kevin E. Daniels, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo of his municipal court appeal in the Law Division, defendant Ernest Mignoli appeals from the October 30, 2019 order finding him guilty of two counts of petty disorderly persons harassment, N.J.S.A. 2C:33-4(b), (c). We affirm.

I.

This appeal arises from an altercation between defendant and Captain Robert Fahnholz of the Asbury Park Fire Department (APFD). On January 7, 2018, Captain Fahnholz responded to defendant's report concerning two young girls without heat in their apartment located on Deal Lake Drive. Captain Fahnholz checked multiple units and spoke with several residents, including defendant, but could not find the two girls. At that point, Captain Fahnholz again spoke with defendant, hoping to obtain more information. Defendant became angry, stating Captain Fahnholz did not care about the residents of Asbury Park because he lived in another town, which he identified, and only cared about his own children. Captain Fahnholz ultimately left the area without finding the two girls.

Later that evening, defendant went to the APFD to file a complaint against Captain Fahnholz. Because Captain Fahnholz worked a twenty-four-hour shift, he was still on duty at the firehouse when defendant arrived. Captain Fahnholz

A-1502-19

provided defendant with a complaint form. Defendant then made threatening statements; according to Captain Fahnholz, defendant "stated he was going to take my kids, make them live with him" in Asbury Park, so that "I would understand what it's like to live in the Santander." The altercation escalated as defendant raised his voice, approached Captain Fahnholz with a closed fist, and threatened him with physical violence. Captain Fahnholz recounted that defendant "said he was going to kick my ass and punch me in the face." Defendant was subsequently charged with two counts of petty disorderly persons harassment.

On March 8, 2019, defendant appeared pro se in Freehold Borough Municipal Court, the matter having been moved from Asbury Park Municipal Court due to conflicts. Despite having previously appeared before the court with counsel and despite the fact that trial had been scheduled one month prior, defendant fired his attorney the preceding week and appeared pro se. Before the trial began, defendant made two motions, seeking 1) the municipal court judge's recusal, alleging bias stemming from an unrelated complaint and 2) an adjournment of the trial because of defendant's recent decision to discharge his counsel. The judge first denied defendant's request for a postponement, noting the matter had been pending for over a year and the trial date was "scheduled

approximately a month ago." The judge also denied the recusal motion, finding that his presiding at a prior trial against defendant was not preclusive to him hearing the current matter as the judge had "no personal animus toward" defendant.

At trial, the municipal court judge heard testimony from Captain Fahnholz and defendant. After Captain Fahnholz provided the testimony previously summarized, defendant cross-examined him about specific details of the altercation and alleged bias; however, many of defendant's questions were improper and were barred by the court. The judge found Captain Fahnholz's testimony credible and defendant guilty of both counts of petty disorderly persons harassment. The judge imposed the following sentence on each count: a $500 fine and $168 in costs and mandatory penalties.

Defendant appealed his conviction to the Law Division, arguing the municipal court judge erred when he denied his motions for recusal and adjournment, limited his cross-examination of Captain Fahnholz, and found his threatening statements met the statutory elements of harassment. On October 30, 2019, following a trial de novo, the Law Division judge issued an order and a comprehensive written opinion, rejecting defendant's arguments and finding

him guilty as charged.  The judge imposed the same sentence as the municipal

court.  This appeal followed.

On appeal, defendant raises the following arguments:

POINT I

JUDGE O'BRIEN COMMITTED REVERSIBLE ERROR WHEN HE FOUND THAT JUDGE BASEN DID NOT ABUSE HIS DISCRETION BY DENYING DEFENDANT'S MOTION FOR RECUSAL.

POINT II

JUDGE O'BRIEN COMMITTED REVERSIBLE ERROR WHEN HE FOUND THAT JUDGE BASEN DID NOT ABUSE HIS DISCRETION BY DENYING DEFENDANT'S MOTION FOR AN ADJOURNMENT.

POINT III

JUDGE O'BRIEN COMMITTED REVERSIBLE ERROR WHEN HE FOUND THAT JUDGE BASEN DID NOT ABUSE HIS DISCRETION BY INFRINGING UPON DEFENDANT'S FUNDAMENTAL AND CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESS AGAINST HIM AND CROSS-EXAMINE CPT. FAHNHOLZ ABOUT HIS RECOLLECTION AND ULTERIOR MOTIVE AND HIS BIAS, PREJUDICE, HOSTILITY TOWARDS DEFENDANT.

POINT IV

SUFFICIENT CREDIBLE EVIDENCE DOES NOT EXIST IN THE RECORD BELOW TO UPHOLD THE

5

FINDINGS OF DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT ON EACH OF THE ELEMENTS UNDER SUBSECTION C OF THE HARASSMENT STATUTE.

## II.

Our review of a municipal appeal to the Law Division is limited to "the action of the Law Division and not that of the municipal court." State v. Joas, 34 N.J. 179, 184 (1961). "We defer to the judge's fact finding, and our 'review is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record."'" State v. L.S., 444 N.J. Super. 241, 247-48 (App. Div. 2016) (quoting State v. Kuropchak, 221 N.J. 368, 382-83 (2015)). "We owe no deference, however, to the 'trial court's interpretation of the law . . . and the consequences that flow from established facts[,]' which we review de novo." Id. at 248 (quoting State v. Hubbard, 222 N.J. 249, 263 (2015)).

## A.

First, defendant contends the Law Division judge erred in finding no abuse of discretion in the municipal court judge's decision not to recuse himself. The municipal court judge presided over a previous, unrelated matter wherein he made credibility findings against defendant and found defendant guilty.

6

Therefore, defendant maintains the municipal court judge was biased and should have recused himself.

Motions for recusal "are entrusted to the sound discretion of the judge and are subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010) (citing Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001)).  The grounds for disqualifying a judge are set out in Rule 1:12-1.  Primarily, they focus on the judge having a familial relationship with the parties or the attorneys or having an interest in the subject of the litigation.  R. 1:12-1(a) to (f).  The rule also provides that a judge can be disqualified "when there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so."  R. 1:12-1(g).

Under Rule 1:12-1(g), "it is not necessary to prove actual prejudice on the part of the court[;]" rather, "the mere appearance of bias may require disqualification." State v. Marshall, 148 N.J. 89, 279 (1997).  "However, before the [judge] may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." Ibid.  "[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue." Id. at 186.

A-1502-19

Here, we discern no abuse of discretion.  Defendant offers no proof of the municipal court judge's bias against him.  Dissatisfaction with a judge's rulings does not warrant recusal.  Marshall, 148 N.J. at 186.

B.

Defendant next contends the Law Division judge erred in finding no abuse of discretion in the municipal court judge's decision not to adjourn the trial.  Defendant motioned to adjourn the trial because he decided to discharge his counsel a few days before trial.  Defendant alleges his counsel failed to subpoena witnesses favorable to his defense leading up to trial and that he was unable to retain new counsel before trial.

We review the denial of a motion for an adjournment, which involves the court's ability to manage its own calendar, under a deferential standard.  State v. Miller, 216 N.J. 40, 65 (2013).  "[W]hether a trial court should grant or deny a defendant's request for an adjournment . . . requires a balancing process informed by an intensely fact-sensitive inquiry."  State v. Hayes, 205 N.J. 522, 538 (2011).

On a defendant's motion to adjourn, "'there are two conditions which must exist to warrant' reversal of the conviction."  Miller, 216 N.J. at 66 (quoting Hayes, 205 N.J. at 539).  First, "'the judicial action must have been clearly

8

unreasonable in the light of the accompanying and surrounding circumstances.'"

Ibid. (quoting Hayes, 205 N.J. at 539). Second, the decision must have prejudiced the defendant such that "'the defendant suffered manifest wrong or injury.'" Id. at 66-67 (quoting Hayes, 205 N.J. at 537).

In Hayes, our Supreme Court outlined "some" factors to be weighed in deciding whether to grant a defendant's motion to adjourn the trial to retain counsel. 205 N.J. at 538. The factors include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.
>
> [Ibid. (quoting State v. Furguson, 198 N.J. Super. 395, 402 (App. Div. 1985)).]

But "a lengthy factual inquiry is [not] required." State v. Kates, 216 N.J. 393, 397 (2014).

Here, defendant made his motion on the day of trial, but he provides no exceptional circumstance justifying the timing of replacing his former counsel. Nor does he provide specific information about the witnesses his former counsel allegedly failed to subpoena or other evidence of prejudice. Further, defendant, in part, contributed to the last-minute nature of the motion by waiting a week between discharging his attorney and seeking an adjournment. Therefore, we discern no abuse of discretion.

C.

Defendant further contends the Law Division judge erred in finding the municipal court judge's constraints on his cross-examination of Captain Fahnholz did not implicate his right "to be confronted with the witnesses against him," guaranteed by the Sixth Amendment of the United States Constitution. Defendant maintains the municipal court judge stopped him from showing Captain Fahnholz's bias and motive.

The Confrontation Clause permits a defendant to explore, in cross-examination, a prosecution witness's alleged bias. State v. Bass, 224 N.J. 285, 301 (2016). "[T]he credibility of a witness may be impeached on cross-examination"; however ,"[t]he scope of cross-examination is a matter resting in the broad discretion of the trial court." State v. Martini, 131 N.J. 176, 255

(1993), overruled on other grounds by State v. Fortin, 178 N.J. 540, 843 (2004).

"[A] defendant's confrontation right must accommodate legitimate interests in the criminal trial process, such as established rules of evidence and procedure designed to ensure the efficiency, fairness, and reliability of criminal trials." State v. Branch, 182 N.J. 338, 349 (2005) (quotations and citations omitted).

With these principles in mind, we find the municipal court judge's rulings were consistent with the applicable rules of evidence and did not deny defendant of his right to confront Captain Fahnholz. While the municipal court judge stopped defendant from asking procedurally improper questions, his rulings did not improperly interfere with defendant's use of cross-examination for the desired purpose of questioning Captain Fahnholz's bias and motive.

D.

Finally, defendant contends the Law Division judge erred in finding the State proved his guilt beyond a reasonable doubt for violating of N.J.S.A. 2C:33-4(c).[1] Defendant relies upon State v. Burkert, 231 N.J. 357 (2017), to argue that

---

[1] Defendant's brief does not address his conviction of N.J.S.A. 2C:33-4(b), which proscribes subjecting "another to striking, kicking, shoving, or other offensive touching, or threaten[ing] to do so." Defendant apparently concedes that he violated this section of the harassment statute when he approached Captain Fahnholz with a closed fist, and threatened him with physical violence, stating "I'm going to kick [your] ass and punch [you] in the face."

the Law Division judge erred in finding that his threats to kidnap Captain Fahnholz's children, coupled with statements indicating that he knew where the captain lived, were "pure, protected expressive activity that would not reasonably place a person in fear for his safety or security" and, therefore, not violative of the harassment statute, N.J.S.A. 2C:33-4(c).

N.J.S.A. 2C:33-4(c) provides: "a person commits a petty disorderly persons offense if, with purpose to harass another, he: . . . [e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." Our Supreme Court has construed "'any other course of alarming conduct' and 'acts with purpose to alarm or seriously annoy' as repeated communications directed at a person that reasonably put that person in fear for [her] safety or security or that intolerably interfere with that person's reasonable expectation of privacy." Burkert, 231 N.J. at 284-85. A judge may use "[c]ommon sense and experience" when determining a defendant's intent. State v. Hoffman, 149 N.J. 564, 577 (1997) (citing State v. Richards, 155 N.J. Super. 106, 118 (App. Div. 1978)).

Here, the Law Division judge concluded the State had met its burden in proving the harassment charges against defendant beyond a reasonable doubt for harassment, finding that

[d]efendant made several comments criticizing Captain Fahnholz'[s] commitment to his duties, which continued later in the day when [d]efendant appeared at the fire station. This conduct alone, shows that [d]efendant clearly intended to seriously annoy Captain Fahnholz, but it went much further than a mere annoyance when [d]efendant repeatedly referenced the Captain's children, where they lived, and essentially threatened to kidnap them. Coupled with the threats of physical violence towards Captain Fahnholz, [d]efendant's conduct certainly violated N.J.S.A. 2C:33-4, placing Captain Fahnholz in fear of the safety or security of his children and himself, and therefore, is not protected under the First Amendment.

Sufficient credible evidence in the record clearly supports the challenged verdict. We see no reason to disturb the judge's findings or conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13